P. H. Morgan *v.* James Brown.

12    159
125    886

When an attorney's fee is contingent upon his success in collecting money for his client, the fee not
being exigible until the money is collected, prescription against the attorney's demand does not
begin to run from the date of the judgment he has obtained for his client.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
   *Hamner & Haynes*, for plaintiff.   *Smiley & Perrin*, for defendant and
appellant.

Spofford, J.   This is a suit for attorney's fees, alleged to have been earned
under a special contract.

The defendant denies that he employed the plaintiff.

The proof is that the defendant gave to one *Dempsy P. Cain* a power of at-
torney, "to sue or otherwise collect all his claims" against the estate of one
*Witherspoon*, and agreed to divide the proceeds with him.   This power of at-
torney implied the power to employ counsel and to stipulate fees to be paid out
of the proceeds of the claims.

*Cain*, in pursuance of this mandate, employed *J. M. Elam* as an attorney to
investigate the claims.   He resided in Baton Rouge, and finding it advisable to
institute proceeding in the United States Circuit Court at New Orleans, he
made a special contract with *T. G. Morgan* (of whom the plaintiff is assignee)
to bring and conduct a suit in that court against *Witherspoon's* representatives,
for a fee of ten per cent. upon the amount eventually collected, contingent upon
the collection.   *Morgan* brought the suit and obtained a judgment in the Cir-
cuit Court at New Orleans.   A writ of error was sued out from the Supreme
Court of the United States, and the judgment of the Circuit Court was affirmed.
The amount of the judgment ($14,000) and large arrears of interest has now
been realized.   Out of the one-half going to *Cain*, *Morgan* was paid ten per
cent. by *Cain's* assignees.   This suit is to recover the ten per cent. due upon
*Brown's* half.

Both *Cain* and *Brown* were notified of the employment of *Morgan* to con-
duct the suit in *Brown's* name before the Circuit Court.   Their acquiescence is
a ratification of his engagement by *Elam*.

*Elam* testifies that he contracted with *Morgan* for the contingent fee of ten
per cent.   It is urged that, as the sum exceeds five hundred dollars, this evi-
dence is insufficient.   We find a corroboratory circumstance in the fact that
*Morgan* was paid ten per cent. out of *Cain's* portion of the judgment by *Cain's*
assignees without opposition.

The plea of prescription is interposed.   As the stipulated reward for the ser-
vices was contingent upon the success of *Brown* in collecting the money, the
fees were not exigible until the money was collected.   This suit was brought
immediately after the collection of *Brown's* share.   Moreover, three years had
elapsed since the voluntary payment of the first instalment on the part of
*Brown's* agent, through his assignee.

The fact that *Brown* employed other attorneys for special duties in collecting
the money does not impair the claim of *Morgan* for compensation, for he was
at all times ready to do whatever was requisite to be done in enforcing the judg-
ment he had obtained in New Orleans.

MORGAN
*v.*
BROWN.

The losses experienced by the defendant in consequence of his having selected unfaithful agents or made injudicious contracts with them, furnish no sufficient ground for relieving him from the obligation of paying the attorney who appears to have performed his duties with fidelity and success.

This is not a case for damages as for a frivolous appeal.

Judgment affirmed.