## No. 103.

### R. J. LOONEY VS. S. LEVY, JR., LIQUIDATOR, ETC.

A new trial will not be granted to a party who judicially admits his indebtedness on an account set up against him, on the ground that he had not seen the detailed account before rendition of judgment in the case, and that the items and dates of said account are newly discovered evidence.

His admission of the indebtedness estops him from subsequently denying knowledge of the account.

Prescription and compensation are not inconsistent pleas. Hence, the previous plea of prescription is not waived by a subsequent plea of compensation.

An attorney's fees are due on the termination of the litigation, and prescription runs from that date. A continuity of services by an attorney, in other matters, from year to year, cannot interrupt that prescription.

APPEAL from the First District Court, Parish of Caddo. *Taylor, J.*

*T. F. Bell* for Plaintiff and Appellant:

The plea of compensation to plaintiff's claim *in globo* waives general denial, and admits the claim *in globo*. Durnford vs. Agme, 3 N. S. 270; Jones vs. Bishop, 12 La. 397; Rost vs. Byrne, 14 La. 372; Diggs vs. Parish, 18 La. 6; 14 An. 54; 22 An. 442; 23 An. 142; 25 An. 182.

He who pleads compensation must do so specifically and prove it. 11 M, 639; 1 N. S. 127–412 3 N. S. 75, 373; 6 N. S. 226–250; 14 An. 54; 17 La. 259.

The debt once admitted is presumed to be still due. 12 La 397; 18 La. 6; 17 An. 97.

Plea of part payment is inconsistent with prescription. Elmore vs. Robinson, 18 An. 651 has a retroactive effect; 17 An. 246.

The cases 11 An. 514; 32 An. 962; 7 An. 222; 11 An. 212, do not militate against the general rule.

The case of Colley vs. Latourette is specially put on the fact that plaintiff was a clerk, employed by the month at $35 per month, and the cases referred to there were contracts expiring as to times fixed. 7 An. 222; 5 La. 15; 6 N. S. 226; 14 An. 581, and in 11 An. 30 there was no point of prescription, and 12 An. 583; 14 An. 137, are not in point.

*Quae temporalia sunt* cannot apply. 1 Pothier Obligations, 495; Riddell vs. Gonnly, 4 An. 140; Crow vs Watkins, 12 An. 845; Dickason vs. Bell, 13 An. 249; 9 An. 169; 1 An. 35; Toullier 388, 389.

The item of $500 is not founded on the assumption of the debt of a third person, and R. C. C. 2278; 11 An. 213; 10 An. 342; 2 Hen. Dig., p. 1096, No. 6, are not applicable.

*Land & Land* and *Alexander & Blanchard* for Defendant and Appellee:

1. Attorney fees are prescribed by three years from date of rendition of judgment in the case, and continuity of services does not interrupt prescription. C. C. 3538; 11 An. 30 14 An. 137; 12 An. 159, 558; 7 An. 222.

2. A plea of prescription is not inconsistent with a plea of payment or compensation. 7 An. 222. Nor with the general issue. 7 L. 85; 17 L. 459; 7 R. 467. In 18 An. 651, partial payment was pleaded.

3. Plaintiff having waived proof, and judicially admitted his indebtedness in open court, in the amount of the balance of account, pleaded in compensation, cannot obtain a new trial on the ground of newly discovered evidence, i. e., that the account shows that it is prescribed in part. Hennen's Digest, p. 989, Nos. 4 and 6; 19 An. 491; C. C. 2291.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff claims of the commercial firm of Levy and Bodenheimer the sum of $6,030, for professional services rendered by him as an attorney and counsellor at law.

The services are alleged to have been rendered to the firm by plaintiff as their counsel in a large number of suits, in which the defendants were parties, and for general services rendered during the years 1877, 1878, 1879, 1880 and 1881, at the rate of $350 per annum.

The defense was: first, a general denial and the plea of prescription of three years, and subsequently a plea of compensation based on a promissory note of plaintiff's of $1,128, and on an account alleged to be due by him to the firm amounting to $1,482.33.

From a judgment of $796.67 in favor of plaintiff, he has appealed for the purpose of recovering more, and the defendants move for an amendment, with a view to a reduction of the amount allowed.

We will in the first place direct our attention to a motion for a new trial urged by plaintiff on the ground of newly discovered evidence, based on the following circumstances:

During the trial plaintiff admitted that he was indebted to the defendant firm, in December, 1881, in the sum of $1,482.33. This was the amount pleaded in compensation on the score of the account due by plaintiff.

In view of that admission, the account was not introduced in evidence. The Judge, having concluded to sustain the plea of prescription of three years as to all items of plaintiff's account, which dated three years back, he compensated the balance of the amount found in favor of plaintiff by the account of $1,482.33 *pro tanto*. Plaintiff contended that the account should be imputed in compensation to the prescribed items of his claim *pro tanto*, which the Judge declined to do, for lack of any evidence to show that said account, or any portion thereof, was concurrent or contemporaneous in dates with his prescribed claims.

After trial, plaintiff procured the detailed account of the defendant firm, which ran from 1873 to 1881, both inclusively, and urged that he had discovered the details of the account since the trial, and that he was thereby entitled to a new trial.

In making the admission of his indebtedness to the defendant firm, in the precise amount of the account which he subsequently annexed to his motion for a new trial, plaintiff must have known whereof he spoke, especially as he had added in his admission the statement, that this admitted indebtedness "appeared by open accounts on their books," referring to the defendants. This admission is an effective estoppel of any denial on his part of previous knowledge of the account. The new trial was properly refused.

The main contention on the merits of the cause turns upon the effect of the subsequent plea of compensation, on the previous plea of general denial, and of prescription.

Plaintiff's contention is, that the two pleas are incompatible, and that the plea of compensation made *in globo* to his account, amounts to a formal waiver of the plea of prescription, and admits the existence of the debt.

In their plea of compensation the defendants used the following restrictive language: "That the said late firm is not indebted to said plaintiff in a larger sum than the principal of said account and note and interest, which respondent now pleads in compensation, without, however, admitting that said firm is indebted unto said plaintiff in a larger aggregate sum than the amounts of said account and note."

The Judge correctly ruled that the two pleas were not inconsistent, and that the plea of compensation admitted no part of plaintiff's account, but the amounts equal to the account and note pleaded in compensation, as shown by the cautious and guarded language used by respondent in his plea of compensation.

This ruling is in harmony and in keeping with our jurisprudence on this subject. Colley vs. Latourette, 7 An. 222; Durham vs. Williams, 32 An. 962.

In the last mentioned case, we made an extended review of our jurisprudence on the subject of apparently incompatible pleas, and of the effect of such pleas when made in the alternative, as in the instant case. It would be useless to repeat here the reasoning which we used in that case.

We find also, that the District Judge correctly held that the continuity of an attorney's account for services from year to year could not be invoked as a means of interrupting prescription, as his fees are due

and exigible at the termination of each litigation. Hiestand vs. Labatt, 11 An. 30 ; Morgan vs. Brown, 12 An. 159.

The evidence satisfies us that the services, the payment of which is not prescribed, were reasonably worth the charges made therefor. The Judge correctly held that the note pleaded in compensation by defendants, which was due on January 4th, 1882, was presented, and that, as prescription had accrued at the time that plaintiff's account began, the rule *quae temporalia sunt, etc.*, did not apply.

After an exhaustive examination of the case, and much reflection and ripe deliberation, we find no error in the judgment appealed from, except in the following particulars:

The District Judge found that the item for general services for the year 1879 was prescribed.

That item was not due before the 31st December, 1879, and the suit was filed on the 18th of December, 1882 ; hence, three years had not elapsed between the maturity of the item and the date of the judicial demand.

It is, therefore, ordered and decreed that the judgment of the District Court be amended by increasing the sum from $796.67 to $1,146.67 (eleven hundred and forty-six 67–100 dollars) and that, as thus amended, said judgment be affirmed at defendants' costs in both Courts.