### No. 182.

### J. HENRY SHEPHERD vs. MISS LIZZIE DICKSON.

Where the fee of an attorney is a contingent one, as where he agrees to prosecute the suit for one-half that may be realized from the claim or the judgment thereon, prescription for the fee only begins to run from the time it is exigible, that is from the collection of the judgment.

APPEAL from the Second District Court, Parish of Bossier. *Drew*, J.

---

*Land & Land* for Plaintiff and Appellee :

1. In fixing the compensation for the professional services of an attorney in any particular case, there are two considerations which will determine the judgment of this Court. One is the extent and kind of service, and the labor incident to its rendition ; the other is the ability of the party who is liable to pay. Breaux, Fenner & Hall vs. Franche, 30 Ann. 338.

2. In an insolvent succession, whose entire assets have been recovered by the labors and industry of an attorney, a fee of one-third will be allowed. Succession of Linton, 31 Ann. p, 132. The fact that the attorney would have received absolutely nothing had his efforts failed, should be considered. Ib. 134, on rehearing.

3. Where it appears that the services of an attorney have been long continued, wisely directed and valuable, this Court will be guided as to the money value of his services (in the absence of special agreement as to his fees, and of specific evidence as to the extent of his services) by the opinion of the local bar to which he belongs. Succession of Jackson, 30 Ann. 463.

4. A contingent fee is not exigible until the judgment is collected. It is the duty and right of an attorney in such a case to collect and even to revive the judgment, 32 Ann. 305, and his fees are not exigible until the judgments are collected. 34 La. Ann. 1187. Hence in case of contingent fees, prescription does not run from the date of judgment, but from date of collection thereof.

*Snider & Smith* for Defendant and Appellant :

1. Defendant, under the general denial, can prove, when sued on a *quantum meruit*, a special contract to show value. Powers vs. Steamer Patriot, 3 L. 348; Stone vs. Clifford, 3 L. 349; Budreaux vs. Tucker, 10 Ann. 80. Defendant may, under general issue, show any fact tending to prove that she is not indebted to plaintiff as alleged. Frank vs. Allen, 3 M. 381; Davis vs. Davis, 17 L. 259; Bonnabel vs. Bouligny, 1 R. 292.

2. Attorney's fees are prescribed by three years from date of judgment in the case. R. C. C. 3538; Morgan vs. Brown, 12 Ann. 159; Hiestand vs. Labatt, 11 Ann. 30; Howe's Heirs vs. Brent, 6 N. S. 248; Morse vs. Brandt, 2 N. S. 515; Linton vs, Harman, 5 Ann. 603; Looney vs. Levy, 35 Ann. 1012. Continuity of services does not interrupt prescription. Coote vs. Cotton, 5 L. 15; Howe's Heirs vs. Brent, 6 N. S. 248; Cresap vs. Winter, 14 L. 553; Cooley vs. Succession of Latourette, 7 Ann 222; Chadwick vs. Waters, 3 N. S. 432; Linton vs. Harman, 5 Ann. 603; Looney vs. Levy, 35 Ann. 1012.

3. The Supreme Court will fix attorney's fees without regard to the opinion of witnesses, in accordance to the exertion of legal knowledge, the responsibility incurred and the labor bestowed, etc 5 N. S. 399; 3 Ann. 517; 27 Ann. 467; 12 R. 414; 25 Ann. 647 (fee reduced from $3,000 to $500); 6 Ann. 565. Fee graduated by value of the services rendered. Stein vs. Bowman, 9 L. 284.

The opinion of the Court was delivered by

Todd, J. This is a suit to recover of the defendant $5458, of which amount $4625 is an account for professional services as an attorney-at-law, and the residue the amount of two written obligations.

The controversy between the parties is confined to the account for professional services. The answer was a general denial and plea of prescription. The jury returned a verdict for the full amount of the demand, less $275, declared prescribed, and from a judgment on this verdict the defendant has appealed.

It is shown that the plaintiff was the attorney for the defendant for a period of about five years. That his services were rendered in the prosecution and defence of many suits, some of them in both the district and Supreme Courts of the State, several involving large amounts, greatly protracted and severely and even bitterly contested.

They were of a character to impose great responsibility on the attorney and to require the exercise of the utmost labor and skill.

The services, we find, were faithfully rendered, and in several instances resulted greatly to the benefit and advantage of the client.

The account is proved by the testimony of the plaintiff, supported by that of the able and efficient judge before whom part of the litigation was conducted, and by three of the leading and most experienced members of the bar; all of whom had more or less personal knowledge of the nature of the services and the character of the litigation in which they were rendered.

Against this array of testimony we have the testimony of but one witness, an attorney of much less experience than the others, who differed with them with respect to only one item of the account.

One of the suits mentioned in the account was a damage suit for $15,000.

It was attempted to be shown that there was an agreement between plaintiff and defendant to the effect that he, plaintiff, was to prosecute that suit for one-half the amount he might recover on the claim or the judgment to be rendered thereon, and besides was to give the defendant the benefit of his services in all other cases in which she was interested, and connected with the succession of her father, which embraced most of the items in the account. This agreement was not established satisfactorily to our minds.

Such an agreement was rather of an extraordinary character, requiring very strong evidence to support it, whilst the evidence offered was of the weakest kind, and was flatly contradicted.

Proof was offered of the fees charged by other attorneys for similar services in some of the cases mentioned in the account, and which were less than those charged by the plaintiff; and it is contended that plaintiff's charges should be regulated by theirs. We cannot accept such a test of the correctness or incorrectness of plaintiff's account.

These attorneys were as likely to render their services to the defendant gratuitously if they chose, and many and various circumstances may have governed them in fixing their charges, of which we have no knowledge; and besides, that an estimate made by one person for services performed should be held up as a rule for another in the legal profession, is an unheard of proposition.

Again, it is urged that this court is not bound by the opinions of attorneys-at-law touching the question of fees any more than by the opinions of experts in other matters, and the judges may disregard such evidence, and form their conclusions from their own experience

and knowledge. We have, to be sure, the power to do this, but from our personal knowledge of some of the litigation to which the account refers, as members of the court, as well as that derived from an examination of the record, and from the great respect we entertain for the witnesses who have testified on this point, and confidence in their experience and judgment in such matters, we would not feel justified in exercising such power.

### PRESCRIPTION.

The jury rejected $275 of the demand because prescribed, about which no question is now raised.

The plea could have no possible application to any other item of the the account unless to the suit for damages of Lizzie Dickson vs. M. Hugh Dickson et als. This is the same suit referred to above, in which there was a contingent fee—the plaintiff to receive one-half that was realized. This suit was decided in October, 1881, and all that was realized by the defendant from her judgment therein was collected in 1883 and 1884.

The fee was not exigible until these collections were made, 32 Ann. 308, and consequently prescription only began from that time.

Judgment affirmed.