## TENNANT v. FOUNDATION FINANCE CO., Inc.

### No. 14985.

Court of Appeal of Louisiana. Orleans.
June 10, 1935.

Guy J. D'Antonio, of New Orleans, for appellant.

Warren Simon, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for attorney's fees. It is alleged that a charge of $625 was made for legal services rendered the defendant, a corporation engaged in the small loan business, and that $325 was paid on account, leaving a balance due of $300. The defendant, in its answer, admitted the employment of plaintiff, disputed the amount claimed and pleaded payment and in reconvention claimed $33. On the trial of the case, the reconventional demand was abandoned.

There was judgment below in favor of plaintiff in the sum of $200, and defendant has appealed.

In this court the defendant has filed a plea of prescription.

The services rendered by plaintiff consisted in the preparation of the defendant's charter and of an amendment thereto including the usual conferences and advice. The services were admittedly concluded by May 6, 1931, and this suit was filed on May 9, 1934, or slightly more than three years thereafter. Article 3538 of the Revised Civil Code reads in part as follows:

"The following actions are prescribed by three years: * * * That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments. * * * "

The position of the plaintiff in regard to the plea of prescription is that though the services were rendered more than three years prior to the filing of this suit, prescription has not run, because there was an understanding between plaintiff and defendant that the fee was to be paid out of proceeds realized from the sale of the capital stock of the defendant corporation, and that these proceeds were not available until November 28, 1931. In support of this position, we are referred to the following cases: Morgan v. Brown, 12 La. Ann. 159; Shepherd v. Dickson, 38 La. Ann. 741; Succession of Labauve, 34 La. Ann. 1187. The cases cited are authority for the proposition that:

"Where the fee of an attorney is a contingent one, as where he agrees to prosecute the suit for one-half that may be realized from the claim or the judgment thereon, prescription for the fee only begins to run from the time it is exigible, that is from the collection of the judgment." Shepherd v. Dickson, supra.

The statement of plaintiff concerning the manner in which his fee was to be paid is denied, but, giving it full credence, we find that plaintiff received a check for $275 on April 6, 1931, which amount defendant claims was in full, and plaintiff admits was in partial, settlement of his fee. In regard to this payment and the alleged balance, he says: "They told me they would pay me as they got some money together and that is why a payment was not made for the full amount with the understanding that they would pay as they were able." It is suggested that in deferring the payment of the balance of the fee to such a time as it was able to pay defendant meant to postpone final payment until a sufficient amount of the increased capital stock, which had been provided for by the amendment to the charter, could be sold. If that was the case, the agreement was to discharge an obligation some time in the future out of certain funds to be realized in a certain manner. Such an agreement is no more than the expression of that which is implied in every debt, namely, that its payment is contingent upon the ability of the debtor to pay. The fact that the debtor expects to discharge the debt out of funds which he expects to realize from a particular source is immaterial. There is nothing in such an agreement which would suspend the creditor's right to assert his claim by legal process. It is certainly not a contingent obligation payable if and only when a certain desired accomplishment is achieved, as was

the subject of consideration in the authorities cited by defendant. Here the fee was due and exigible when the services were rendered, as was recognized by the prompt payment of at least a part of the obligation.

In our opinion, the plea of prescription of three years is well founded, and must be maintained.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment maintaining the plea of prescription and dismissing plaintiff's suit at his cost.

Reversed.