306 So.2d 718 (1975)
GARDEN HILL LAND CORPORATION
v.
SUCCESSION OF Edwin CAMBRE et al.
No. 54999.
Supreme Court of Louisiana.
January 20, 1975.
Charles J. Rivet, New Orleans, for intervenor-applicant.
James R. Pertuit, New Orleans, for defendant-respondent.
CALOGERO, Justice.
This case involves a contest over entitlement to a fee for legal services. It arises in a partition proceeding wherein the attorney, Kenneth V. Ward, intervened, asserting an attorney's privilege (under the provisions of R.S. 9:5001) on the portion of the involved property belonging to a minor, one Renette Maria Cambre.[1]
In his intervention he claimed a 50% interest of the minor's interest in the property which is the subject of the partition proceedings (namely 10 lots or parcels of *719 ground on Woodland Plantation on the West Bank of the Mississippi River in the Parish of St. John the Baptist). The Succession of Edwin Cambre had owned an undivided ¼th interest in such property jointly with Garden Hill Land Corporation and four other persons. Mr. Ward had represented the minor and had secured a judgment of possession placing his client in possession of an undivided 1/3 of various succession property including the succession's ¼th interest in the subject property. As is evident from the title in the case, Garden Hill Land Corporation had instituted the partition proceedings.
The District Judge found that Mr. Ward had a valid and legally binding 50% contingency contract with the minor and thus a valid 50% claim against the minor's interest in the property sought to be partitioned. He rendered judgment granting the attorney a "first privilege claim against the property and/or proceeds of any sale of ... property belonging to the minor... to the extent of 50%."
The Court of Appeal reversed, holding the attorney's contract invalid, preserving "the right of Mr. Ward to return to the court which entertained the tutorship proceedings in order than an award of reasonable attorney's fees be set." While the appeal was pending, Mr. Ward was awarded, by order of the Twenty-Ninth Judicial District Court, a portion of the proceeds of the sale of the minor's property ($6,022.05). Finding that Mr. Ward had no claim on the minor's estate arising from the contract, and because the Court recognized that he did have a right to an attorney's fee, and since the tutrix had not yet paid any of the attorneys she had hired and fired, the Court of Appeal held that Ward should not be required to return the $6,022.05 until his fee is in fact set in the tutorship proceedings, provided he should exercise his rights within a reasonable period of time. They asserted that the $6,022.05 may be used as a credit if the set fee is more or may be used as a credit if fee is more or may be returned in part if the fee is less.
We granted the attorney writs, concerned as we were with the Court of Appeal's conclusions 1) that Article 4271, Code of Civil Procedure, mandatorily required prior court approval of the attorney contract and 2) that in this case there had been neither court approval nor ratification of the contract.
In 1964, Mrs. Venita Jacob Cambre qualified as tutrix of her minor daughter, Renette Maria Cambre. The child's grandfather, Edwin Cambre, died in 1966 and his succession was opened in the Twenty-Ninth Judicial District Court for the Parish of St. John the Baptist. In 1969 after having first employed and discharged another attorney, the tutrix hired Mr. Thomas J. Kliebert, as attorney to represent her daughter in recovering from the grandfather's succession the child's proper interest therein. She procured court authorization evidenced by the following order in the tutorship proceeding, dated October 8, 1969:
"IT IS ORDERED that Venita Cambre, natural tutrix of the minor Renette Maria Cambre be and she is hereby authorized and directed to employ counsel for the minor and to enter into a contract with counsel providing for the payment of a reasonable fee, including a contingency fee not exceeding an undivided one-half interest of the minor's interest in the Estate of Edwin Cambre, Sr., for services to be rendered in pursuing the pending litigation and to bring such other actions as may be deemed appropriate or necessary to protect said interest of the minor in the final settlement of the Estate of Edwin Cambre, Sr." (emphasis provided)
Thereafter, the tutrix apparently had some differences with Mr. Kliebert and sought to employ instead, Mr. Ward. He originally advised her that he could not take on the legal representation because she was then being represented by Mr. *720 Kliebert. However, when the tutrix later telephoned Mr. Ward and advised him that Mr. Kliebert had withdrawn from the case, Mr. Ward undertook to examine the matter more closely. He went to St. John the Baptist Parish, examined the succession proceedings, and found in the record notification that Mr. Kliebert had formally withdrawn. He thereupon negotiated with the attorney for the succession of Edwin Cambre, Sr. and received by letter dated March 8, 1971, from the attorney for the succession, an offer in connection with a possible settlement of the minor's interest in the estate.
Two days later on March 10, 1971, he called Mrs. Cambre back into his office and told her that he would accept the case. At that meeting in his office, she agreed to employ him on a 50% contingency fee contract akin to what she apparently earlier had entered into with Mr. Kliebert, and she agreed to settle the minor's interest in the estate on terms essentially the same as what was contained in the letter offer that Mr. Ward had received from the attorney for the succession.[2]
The contingency fee contract which the tutrix signed on March 10, 1971 reads in part as follows:
"MRS. VENITA CAMBRE hereby employs KENNETH V. WARD as her attorney to compromise, or otherwise collect by suit, all claims of the minor, RENETTE MARIA CAMBRE, in the succession of her grandfather, Succession of Edward Cambre, Sr., Probate Docket No. 638, Twenty-Ninth Judicial District Court, Parish of St. John, Louisiana.
"The said KENNETH V. WARD accepts said employment, and in consideration of his services rendered and to be rendered MRS. VENITA CAMBRE, as tutrix of the minor, RENETTE MARIA CAMBRE, hereby agrees to pay him fifty (50) per cent of the amount received by the minor, RENETTE MARIA CAMBRE, in the above succession proceedings whether the minor's claim is compromised or settled by legal proceedings."
About nine weeks later, the tutrix and her sister, who was under-tutrix, signed, and Mr. Ward filed in the tutorship proceedings, a petition for court approval of the employment of counsel, pretty much tracking the earlier petition filed by Mr. Kliebert in 1969. The pertinent court order, dated May 19, 1971, signed by Judge William Bradley was as follows:
"IT IS ORDERED that Mrs. Venita Jacob Cambre, natural tutrix of the minor, Renette Maria Cambre, be and she is hereby authorized and directed to employ Kenneth V. Ward as counsel for the minor and to enter into a contract with counsel providing for the payment of a reasonable fee on a contingency fee basis not exceeding a one-half interest of the minor's interest in the Estate of Edwin Cambre, Sr., after such interest is reduced to cash, for services to be rendered in pursuing the pending litigation and to bring such other actions as may be deemed appropriate or necessary to protect said interest of the minor." (emphasis provided)
Mr. Ward then proceeded to a final compromise settlement of the minor's claim in the Succession of Edwin Cambre, Sr. The only difference between the tentative settlement evidenced by Mr. Ward's March 10, 1971 client-approved letter to the succession attorney, and the settlement effected January 18, 1972, was that the minor was given full ownership of 10 acres of the estate's property located to the rear of property referred to as St. John Plaza rather than the option of taking the property or the greater amount of $20,000 or double the appraised value of the 10 acres. Mr. Ward had secured an appraisal on the *721 10 acres of $50,000 and the succession attorney was not prepared to allow the minor to have the option of the property or $100,000 when the settlement did go through.
The tutrix later approached Mr. Ward in an unsuccessful attempt to get him to lower his fee. When she refused to pay the 50% attorney fee Mr. Ward intervened in the partition suit earlier brought by Garden Hill Land Corporation, one of the estate's co-owners in the Woodland Plantation property.
The petition of intervention states essentially that Mr. Ward was the attorney for the minor, having been employed under a 50% contingency fee employment contract dated March 10, 1971, which said contract was approved in the tutorship proceedings on May 19, 1971; that his representation was successfully concluded by a judgment of possession on January 18, 1972, by which the minor inherited an undivided 1/12th interest in the immovable property which was the subject of the partition proceedings; and that he therefore had an attorney's privilege on the property inherited by the minor and thus an interest in the partition proceedings.
The tutrix thereupon hired her present counsel who filed an answer which is essentially a general denial. He did not specifically object to the intervention and joined with Mr. Ward in signing a consent judgment in the partition proceeding by which the claimed privilege and the fee controversy were relegated to the portion of the prospective proceeds (the property was ordered sold) attributable to the sale of the minor's 1/12th interest.
At trial Mr. Ward established without question that Mrs. Cambre hired him and that he performed valuable legal services. Since he relied upon his employment contract, he did not allege in his petition of intervention nor even alternatively although he did pray for all general and equitable relief, that he was entitled to a fee on a quantum meruit basis for services rendered, nor did his evidence at trial establish the value of those services. He did in testimony estimate that, all told, he had spent approximately 340 hours on the case. He testified particularly to the employment of 23 hours. (In fairness to Mr. Ward, he possibly would have particularized additional hours employed, but he was stopped from doing so by the trial judge who apparently thought it unnecessary.)
The Court of Appeal accepted defendant's legal arguments. They concluded that the May 19, 1971 court authorization "to employ Mr. Ward" and "to enter into a contract" for the payment of a "reasonable fee" ("on a contingency fee basis not exceeding a ½ interest ...") did not constitute ratification of the earlier executed contract. And pointing to White v. Hodges, 201 La. 1, 9 So.2d 433 (1942) (a case involving court authorization of the lease of a minor's mineral propertysee Art. 4268 C.C.P.an authorization obtained only after the lease had been executed) they concluded that the contract executed nine weeks before the authorization was invalid when executed.
Furthermore, the Court of Appeal considered but gave no effect to the October 8, 1969 court order authorizing employment of counsel, stating that this order (immediately preceding the employment of Mr. Kliebert) did not empower "the tutrix to hire and fire her way through the local members of the bar."
The Court of Appeal decision was dictated by their belief that the mandatory language of Article 4271 (Court approval of action affecting minor's interest) required prior court approval of a contract with, and employment of, counsel.
Mr. Ward's counsel in brief and argument before this Court argues that Article 4271 is not of general application, that instances in which compliance with its provisions is necessary are expressly mentioned *722 in the Code of Civil Procedure,[3] that the article is not intended to apply to all acts of administration, and that employing and/or executing a contract with, an attorney for representation of a minor is not specifically mentioned in the Articles of the Code of Civil Procedure.
As we view this litigation, it is unnecessary to determine whether a contract employing counsel on a contingency fee basis (in this case involving a sizable interest in an estate[4]) requires prior court approval for its validity. Surely a strong argument can be made for requiring such approval. The courts are charged with protecting and safeguarding the interests of minors. A contract disposing of an entire 50% interest of a minor's sizable estate, where there is no real risk of non-recovery (she was a forced heir) would seem on its face to be unreasonable. Furthermore, since Article 4265, Code of Civil Procedure requires court approval before compromise of a claim or lawsuit by or against a minor, it would seem that the court's approval of such compromise should coincidentally extend to approval of the fee of the attorney, so that the court might determine that both the compromise and the net effect on the minor's estate are reasonable and appropriate.
The reason why in this case we need not decide the foregoing question is that we do not here have a contract executed simply without court approval. The subject of the employment of counsel to represent the minor Renette Maria Cambre in asserting her claim in her grandfather's succession was presented to the court and twice court orders were issued, one a year and five months before the pertinent March 10, 1971 contract and the other nine weeks afterwards.
Neither court order specifically approved the employment contract which the tutrix executed.[5] Nor did either order unequivocally authorize the entry of a 50% contingency fee contract.
Had the petition incorporated, and sought ratification of, the already executed contract, or had the petition sought approval to execute a 50% contingency fee contract rather than one for a reasonable fee, including (the word used in the October 8, 1969 order) or on (the word used in the May 17, 1971 order) a contingency fee not exceeding 50%, the judge would have been alerted at the time of signing the order to the need, or advisability, of inquiring as to the reasonableness of the contract.
Instead, the first order authorized entry of a contract for a reasonable fee, including, possibly, a contingency fee contract not exceeding 50%. (The word possibly is the author's and is not found in the order, but accents the meaning of the order as we interpret it.) The second order, of May 17, 1971 authorized entering a contract for a reasonable fee on a contingency basis not exceeding 50%.
*723 Each order authorized the entry of a contract providing for a reasonable fee and no court has yet passed upon whether a 50% contingency fee contract under the circumstances of this case was reasonable.
But, counsel for attorney Ward argues, defendant's general denial does not suffice to raise the issue of the contract's legality (or the fee's reasonableness). He contends that illegality is an affirmative defense under Art. 1005, Code of Civil Procedure, and must be pled specially. While this is indeed correct, it does not alter the fact that a general denial has the effect of putting the facts at issue and thus requiring the pleading party to prove his case. See Floor-N-Wall Distributors, Inc. v. Chartres Company, 144 So.2d 129 (4th Cir. La.App.1962). Plaintiff in intervention alleged that he had a court approved 50% contingency fee contract and the defendant in pleading denied same. Called upon to prove his allegation, plaintiff in intervention offered the 5/19/71 order and his 3/10/71 contract. The executed 50% contract was not specifically approved and the order authorized only a reasonable fee contract, not exceeding 50% if on a contingency basis.[6]
Plaintiff in intervention offered no evidence or other proof to establish that his contract complied with the order by providing for a reasonable fee, and thus failed to prove his controverted allegation that he had a court authorized contract.
We feel that before this minor's sizeable estate is required to bear a 50% reduction for payment of attorney's fees, some court is going to have to pass on the reasonableness of such fee, particularly inasmuch as the district court by two separate orders has authorized the entry of a reasonable fee contract.
Normally we would be inclined to hold that plaintiff, having failed to make out his case, is limited to the relief that the Court of Appeal afforded him, that is, a claim for reasonable compensation for his services to the minor, to be proven in the court entertaining the tutorship proceeding.
Because of extenuating circumstances, however, we feel that fairness and justice would better be served if plaintiff in intervention were allowed to try to prove that his 50% contingency fee contract, as and when executed on March 10, 1971, was reasonable. Should he fail on remand to satisfy the court that his 50% contingency fee contract was reasonable and thus legally binding, taking into account among other things the risk of non-recovery, the amount of legal work, the size of the minor's estate, and the anticipated delay in receipt of his fee, he should be able to establish the amount he is due as reasonable compensation for his services, possibly under amended pleadings seeking alternative relief in the District Court on remand, or, independently of these proceedings, in the tutorship in the same district court.
Relative to the $6,022.05, which the attorney has already received in the district court in these partition proceedings pending appeal, since he may yet prove that he has a recoverable claim for legal services in these proceedings we are not inclined to act prematurely concerning Mr. Ward's receipt of this money, a fact which incidentally forms no part of the record before us.
Accordingly, the judgment of the Court of Appeal reversing the trial court judgment and invalidating intervenor's attorney fee contract is reversed. The case is remanded to the District Court for reconsideration of the validity of the attorney fee contract (for a determination as to whether *724 the prescribed fee is reasonable and the contract accordingly legal) and for such other matters as may properly be brought before the trial court.
The fixing of costs for this appeal is reserved until this case is concluded.
SANDERS, C. J., and BARHAM, J., concur in the decree.
NOTES
[1] While the case was pending on appeal Renette became 18 years of age and was substituted as party defendant for her mother and tutrix, Mrs. Venita Jacob Cambre.
[2] The settlement was apparently a good one for the minor inasmuch as she got 10 acres of ground more than other similarly situated heirs, according to Mr. Ward's testimony.
[3] He points out the special requirement for Art. 4271 Court approval to compromise a claim (Art. 4265), to authorize a tutor's continuing a business in which a minor has an interest (Art. 4266), to borrow money and mortgage or pledge minor's property (Art. 4267), to lease minor's property (Art. 4268), and to invest or change the investment of funds (Art. 4270).
[4] The minor received the following property in settlement of her interest in her grandfather's succession.

1. A 1/3 interest in what was designated as the home property on Jefferson Highway, the value of which is not apparent in this record.
2. A 1/12th interest (1/3 of the succession's ¼ interest) in the Woodland Plantation lots, the subject of this partition proceeding. The only indication of value as relates to this property is that the 10 lots were ordered sold for not less than $600,240.00, and
3. 10 acres located to the rear of St. John Plaza. Mr. Ward secured a $50,000.00 appraisal on this property.
[5] The trial judge in his reasons for judgment stated that "it is seen" that Judge Bradley "well knew of a contract" and gave it judicial approval on May 19, 1971. The record, however, does not show, and we conclude that the trial judge was not presented, either the already executed contract or a proposed one.
[6] For present purposes we are willing to accept the 5/19/71 order as having been entered more or less coincident with the contract's execution. The nine week lapse between the tutrix employing Mr. Ward and entry of the authorizing Court order does not to us seem dispositive of the issue of the contract's legality. This is one of the reasons which prompted the granting of this writ.