354 So.2d 1064 (1978)
GARDEN HILL LAND CORPORATION
v.
Succession of Edwin CAMBRE et al.
No. 8676.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
Rehearings Denied February 14, 1978.
Writs Refused March 27, 1978.
*1065 D. A. McGovern, III, New Orleans, for plaintiff-appellant.
James R. Pertuit, New Orleans, for defendant-appellee.
Before GULOTTA, BEER and BOWES, JJ.
BEER, Judge.
Kenneth V. Ward seeks to recover attorney's fees allegedly due under a 50% contingent fee contact or, alternatively, to recover in quantum meruit for services rendered in representing the minor daughter of Mrs. Cambre, Renette Maria Cambre, in the succession of her grandfather, Edwin Cambre, Sr.[1]
Ward, by intervention, asserts his attorney's privilege (La.R.S. 9:5001) on certain property known as Woodland Plantation in which the succession of Edwin Cambre, Sr. had an ownership interest and which was the subject of partition proceedings. Renette Maria Cambre had been placed in possession of an undivided one-third of the succession property plus an additional ten acres of a tract known as St. John Plaza. Against these assets, Ward asserted a 50% claim.
The lengthy history which gave rise to this claim was summarized by the Louisiana Supreme Court, in Garden Hill Land Corp. v. Succ. of Cambre, 306 So.2d 718 (La.1975).
In his intervention, Ward sought to recover under the terms of his contract with Renette Maria Cambre. The district court recognized his claim and granted him a *1066 privilege on 50% of the proceeds realized from sale of the property to be partitioned. Thereafter, on devolutive appeal to this court, the contingent fee contract was held invalid, but Ward's right to seek reasonable attorney's fees was reserved.
The Supreme Court granted writs, and, in Garden Hill Land Corp. v. Succ. of Edwin Cambre, supra, we were reversed and the case remanded to the district court with the following instructions:
"Normally we would be inclined to hold that plaintiff, having failed to make out his case, is limited to the relief that the Court of Appeal afforded him, that is, a claim for reasonable compensation for his services to the minor, to be proven in the court entertaining the tutorship proceeding.
Because of extenuating circumstances, however, we feel that fairness and justice would better be served if plaintiff in intervention were allowed to try to prove that his 50% contingency fee contract, as and when executed on March 10, 1971, was reasonable. Should he fail on remand to satisfy the court that his 50% contingency fee contract was reasonable and thus legally binding, taking into account among other things the risk of non-recovery, the amount of legal work, the size of the minor's estate, and the anticipated delay in receipt of his fee, he should be able to establish the amount he is due as reasonable compensation for his services, possibly under amended pleadings seeking alternative relief in the District Court on remand, or, independently of these proceedings, in the tutorship in the same district court.
Relative to the $6,022.05, which the attorney has already received in the district court in these partition proceedings pending appeal; since he may yet prove that he has a recoverable claim for legal services in these proceedings we are not inclined to act prematurely concerning Mr. Ward's receipt of this money, a fact which incidentally forms no part of the record before us.
Accordingly, the judgment of the Court of Appeal reversing the trial court judgment and invalidating intervenor's attorney fee contract is reversed. The case is remanded to the District Court for reconsideration of the validity of the attorney fee contract (for a determination as to whether the prescribed fee is reasonable and the contract accordingly legal) and for such other matters as may properly be brought before the trial court.
The fixing of costs for this appeal is reserved until this case is concluded." Id., at 723, 724.
On remand to the district court, Ward filed an amended petition, which:
a. alleged further facts in support of reasonableness of the contract;
b. joined the minor who had become a major as a defendant in intervention; and
c. pled in the alternative that fee for legal services from June 27, 1971 through August 2, 1972, date of Ward's dismissal as attorney, be set on a quantum meruit basis.
Cambre answered the amended petition and also filed a motion styled "Motion for Restitution on a Vacated Judgment," seeking restitution of the $6,022.05 awarded Ward as well as restitution of an additional $24,750.00 awarded him later but still based upon the original recognition of his 50% contract.
After a hearing on remand, the district court held the 50% contingent fee unreasonable, and awarded $8,000.00 attorney's fees for services rendered Renette Maria Cambre up until August 2, 1972.
From that judgment, Ward has suspensively appealed, seeking recognition of the reasonableness of his contingent fee contract. Appellee Renette Maria Cambre has answered the appeal, seeking restitution of $30,772.05 (the sum total of the $6,022.05 plus the $24,750.00 noted above).
Prior to trial on remand, appellee filed a peremptory exception of prescription to appellant's claim in quantum meruit. The quantum meruit claim was made by amendment *1067 to the original petition and was filed on March 13, 1975. Because the applicable prescriptive period set forth in La.Civ.Code art. 3538 is three years, appellee contends that the March 13, 1975 filing of the amended petition presenting a quantum meruit claim was too late, and the claim was prescribed.
It is further argued that amendment of the petition did not relate back under La.C. C.P. art. 1153,[2] because it is alleged, the quantum meruit claim is a separate cause of action from the original contract claim.
In considering this argument, the initial determination to be made is whether the prescriptive period for Ward's fee claim did indeed commence on the date of rendition of judgment of possession on January 18, 1972, or if it commenced on the date Ward was dismissed by Mrs. Cambre, August 2, 1972 (which is within three years of filing of the amended petition).
The employment contract, regardless of its validity, is instructive in determining the intent of the parties with regard to the point at which attorney's fees would be due and exigible. By their employment contract, Mrs. Venita Cambre and Ward agreed:
"MRS. VENITA CAMBRE hereby employs KENNETH V. WARD as her attorney to compromise, or otherwise collect by suit, all claims of the minor, RENETTE MARIA CAMBRE, in the succession of her grandfather, Succession of Edward Cambre, Sr. Probate Docket No. 638, Twenty-Ninth Judicial District Court, Parish of St. John, Louisiana.
The said KENNETH V. WARD accepts said employment, and in consideration of his services rendered and to be rendered MRS. VENITA CAMBRE, as tutrix of the minor, RENETTE MARIA CAMBRE, hereby agrees to pay him fifty (50) per cent of the amount received by the minor, RENETTE MARIA CAMBRE, in the above succession proceedings whether the minor's claim is compromised or settled by legal proceedings. (Emphasis added.)"
From the agreement, it appears that more than an adjudication of ownership, but rather a collection of the minor's property, was contemplated.
By order of the district court (through which the parties sought approval of the contract), Ward was to receive his fee "after such interest is reduced to cash." This indicates to us that liquidation (or, stated another way, reduction to cash) of the minor's interest was contemplated as the "bottom line" service to be rendered by Ward.
Cambre's able counsel cites Looney v. Levy, 35 La.Ann. 1012, 1015 (1883), in which the Supreme Court said that an attorney's fees "are due and exigible at the termination of each litigation." But it is noted that Looney did not involve a suit for recovery of a contingency fee, but rather a suit on an account for annual retainer fees. Looney cited Morgan v. Brown, 12 La.Ann. 159 (1857), the facts of which more closely resemble those of the instant case. In Morgan, the assignee of an attorney sought to recover a contingent fee due the latter. In dismissing a plea of prescription, the court remarked, ". . . As the stipulated reward for the services was contingent on the success of Brown in collecting the money, the fees were not exigible until the money was collected." Id., at 159. Thus, if Looney is interpreted in the light of the Morgan holding, the termination of litigation in a contingency case is collection of the judgment.
Similarly, in Shepherd v. Dickson, 38 La. Ann. 741 (1886), a plea of prescription was interposed when an attorney sought to recover a contingent fee for service in a suit for damages. Judgment in the latter suit was rendered in 1881; plaintiff's interest was not collected until 1883 and 1884. The court dismissed the prescription plea, stating, "The fee was not exigible until these collections were made. . . ." Id., at 744.
*1068 Again, in Lyons v. Hall, 90 So.2d 519, 522 (La.App.2nd Cir. 1956), the rule regarding commencement of prescription on a contingency fee was stated, as follows:
"Prescription in actions of lawyers for their fees does not commence to run until their services cease. Hyams & Jonas v. Rogers, 24 La.Ann. 230. Prescription in an action for an attorney's fee, contingent upon the collection of a judgment obtained by him, begins to run not from the judgment but from the collection of the money under it. Morgan v. Brown, 12 La.Ann. 159."
Appellee attempts to circumvent the application of this rule to the instant case by advancing the argument that ". . . we need not be concerned about the collection on the judgment in the instant case because the client, Renette Maria Cambre, was vested with ownership of the property rights involved in the Succession (sic) at the time the Judgment of Possession was signed on January 18, 1972." This argument is not persuasive. The issue at hand is when the interest of the attorney in the contingency fee had sufficiently accrued so that it had become due and exigible. To determine this, one must look to the intentions of the parties and the court decree which clearly indicate that the attorney's claim would become due upon reduction of the judgment to cash. The point at which the client's interest in the property was legally adjudicated to her is irrelevant to the determination of when the attorney's interest became actionable, and hence commenced running of the prescriptive period.
Had Ward's services not been abruptly terminated by his dismissal, prescription on his claim would have commenced upon liquidation of Renette Maria Cambre's interest in the succession. Because of Ward's dismissal before liquidation of that interest, prescription began to run on the date of his dismissal: August 2, 1972. Ward's claim in quantum meruit is timely.
A consideration of whether a quantum meruit claim is a separate cause of action becomes irrelevant. As noted in Tate, "Amendment of Pleadings in Louisiana," 43 Tul.L.Rev. 211, 232 (1969):
". . .Of course when relation back is not at issue, the circumstance that an amendment asserts a claim independent of that originally alleged is not material, for then the only question in allowing it is whether the just and expeditious disposition of the litigation is advanced by so doing. (Footnote omitted.)"
We turn to a consideration of the trial court's holding that the 50% contingent fee contract was unreasonable, and that a quantum meruit award of $8,000.00 was all that was justified.
Ward, through able counsel, contends that the trial court has not properly considered the undisputed facts of this case. It is argued that Ward was the only one of Cambre's several attorneys who was able to secure the extra ten acre allocation steadfastly sought by her. Also, it is argued that by his efforts in securing bidders for the tract which was to be partitioned, Ward increased the minor's estate from the $47,000 to $112,000.
The record confirms that Ward served Mrs. Cambre and Renette Maria Cambre well. Ward's testimony at trial (especially Vol. 2, pp. 71-95), and his sworn affidavit detailing actions taken by him on behalf of the minor reflect that he had numerous conferences and phone calls with Mrs. Cambre and other counsel involved in the matter in order to bring about a final settlement of the estate. Testimony of witness Remy Gross, II, attorney for the Cambre succession, indicates that the other heirs were in a posture to settle immediately before Ward entered the case as counsel, suggesting that Ward's ability to settle the case and acquire an extra ten acres for the minor was merely a matter of fortuitous timing. However, this suggestion is contradicted by testimony of Mr. Carol B. Hart, attorney for the other two heirs. Hart stated that he felt the compromise offer proposed by Ward in March, 1971, was too generous to Ward's client. It was not until after further negotiations that a compromise was reached in June, 1971.
*1069 In addition to bringing about a favorable settlement for the minor, Ward was instrumental in ironing out details of the final compromise which was entered into in January, 1972.[3]
On the other hand, as Judge Bradley indicates in written reasons, the court's authorization of the contingent fee contract always contemplated a "reasonable" fee. He indicates that the provisions of the agreement were considered by the court as "restrictions, not provisions for payment, nor contracts for such amounts." While we would be hard put to make such an interpretation of the terms of the employment agreement, there is nothing in the record before us to indicate that the scope of Judge Bradley's scrutiny of the matter at the remanded proceedings failed in any way to consider the guidelines generally set out by the Supreme Court which include risk of non-recovery, amount of work, size of the estate, etc. (all as specifically noted in that portion of the opinion earlier referred to). Accordingly, in our view, the trial court's conclusions with respect to the particular finding of "reasonableness," or lack thereof, falls into that category of finding on the part of a trial court which should be given great weight. Stated another way, we feel that such a finding should not be the basis for a substitution of our opinion for that of the trial judge absent a clear showing of a breach of discretion on his part. We find no such breach. Nor do we find ourselves in such disagreement with the trial judge's conclusion as to feel compelled to substitute our determination of "reasonableness" for the determination that he has painstakingly made.
Even so, we are obliged to disagree with the amount which the able trial judge awards in quantum meruit. In this connection, we have carefully reexamined the essentially uncontroverted evidence regarding Ward's successful professional efforts in Cambre's behalf, taking into account every factual aspect that we consider material in the complex matter of seeking to set an attorney's fee under the circumstances here existent. In doing so, we have tried to guide ourselves along the lines generally discussed by the Supreme Court in Schexnayder v. Carpenter, 346 So.2d 196 (La. 1977), and Coco v. Winston, 341 So.2d 332 (La.1976). Proceeding accordingly, we conclude that no less than $16,000 is appropriate. (Parenthetically, we make the following observation for a reviewing court: Were we actually setting the fee instead of reviewing one already set in the trial court, we would have set the fee in the twenty thousand dollar range.)
Pending devolutive appeal of the original district court judgment granting Ward a lien on 50% of the minor's interest in Woodland Plantation, a total of $30,772.05 has been paid out to Ward in the course of various partition proceedings.
Now that 50% contingent fee contract has been invalidated by the trial court and that part of the trial court's judgment affirmed by us, appellee may very well be entitled to recover the entire difference between $30,772.05 and the amount of attorney's fees awarded in this decree ($16,000.00).
In that respect, we find no difficulty in recognizing appellee's right to such restitution even though the issue was raised by motion rather than by petition.
However, there may be other factors which require trial court consideration before the restitution issue is fully and finally resolved.[4] Though we find that the record contains clear proof of the payment of a total of $30,772.05 to Ward and though we believe that the interests of judicial economy would favor a final resolution of this lengthy litigation by the ordering of restitution at this time, we feel compelled, in an abundance of caution, to remand this matter *1070 to the trial court for final adjudication of the restitution issue.
Accordingly, it is ordered, adjudged and decreed that the fee of Kenneth V. Ward for representation of Renette Maria Cambre in the Succession of Edwin Cambre, Sr. be and the same is hereby fixed in the amount of $16,000.00. The entire matter is, herewith, remanded to the 29th Judicial District Court in order that a final judgment may be confected by that court, taking into account our judgment with respect to attorney's fees for services rendered by Ward to Renette Maria Cambre in the Succession of Cambre and our judgment with respect to the proof of payment of $30,772.05 to Kenneth V. Ward. The 29th Judicial District Court may, in its discretion, authorize further proceedings relative to Ward's claim (if any he has) for attorney's fees other than those covered in this opinion and may, thereafter, render a final judgment designating a net amount due from Cambre to Ward or Ward to Cambre, as the case may be. The parties to this litigation are to bear their own costs in both the trial court and in this court.
AMENDED, RECAST AND REMANDED.
NOTES
[1] During the litigation, Renette Maria Cambre became a major, and was substituted as defendant-in-intervention.
[2] Art. 1153: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
[3] The proposed compromise offered in the alternative 10 extra acres for the minor, or double their value. After Ward secured the favorable appraisal of $50,000 for the ten acres, it became apparent that the succession could not pay this amount in cash, and a compromise had to be made.
[4] Such as, for example, the question of Ward's right to additional attorney's fees for other services rendered.