## MORSE vs. BRANDT.

APPEAL from the court of the first district.

Prescription of three years bars an attorney's action for professional services.

MARTIN, J. delivered the opinion of the court. This action is grounded on a bill for professional services, in several cases, in which the plaintiff was employed by the defendant.

The defendant *demurred*, pleaded payment to several of the items and denied the others.

There was a verdict for the plaintiff, and the defendant appealed.

The plaintiff complains of an erroneous charge, given to the jury on which he took a bill of exceptions. On the motion of the defendant, the court charged the jury, that so much of the plaintiff's claim, as was upwards of three years standing, was barred by prescription.

We think the court did not err. *Partida* 3, 6, 14. We are of opinion that this part of the Spanish law is not repealed by the general provision of the civil code.

On the demurrer we think the action does lie.—We concur with the opinion of the superior court of the late territory, in the case of *Connell* vs. *Livingston*, 2 *Martin*, 2811.

East'n District.
*May*, 1824.

MORSE
*vs.*
BRANDT.

The verdict of the jury appears to us contrary to law and evidence, it having allowed the items anterior to the 12th of January, 1821, the suit having been brought on the 13th of January, 1824.

These items amount to $350—$100 of which were unpaid on the 4th of January 1821, leaving a sum of $250—which ought not to have been allowed.

There is a credit for $400 the price of a gig, delivered by the defendant, which the plaintiff admits he purchased of the defendant. His counsel contends the $300 ought to be imputed to the part of the bill, which is barred by prescription. as the defendant made no imputation.

The rule in this case is, the imputation ought to be made in the way most advantageous to the person who made the payment, *Civ. Code*, 290, *art.* 216.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and that there be judgment for the plaintiff, for the sum of six hundred and fifty five dollars, with costs in the district court, and that he pay costs in this.

*Maybin* for the plaintiff, *Watts* & *Lobdell* for the defendant.