No. 3750.—HYAMS & JONAS *v.* HENRY M. ROGERS, Tutor, etc.

Ordinary partners are not bound *in solido* for attorney's fees for services rendered the firm under the employment by one of its members. In such a case each one of the partners is bound for his virile share, if no agreement has been made between the attorney and the partner who employed him. R. C. C. 3872, 3873.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *R. W. Bowman,* attorney at law, judge *ad hoc,* in place of Orsborn, judge, recused. *T. C. Manning,* for plaintiffs and appellees. *H. S. Losee,* for defendant and appellant.

HOWE, J. This is an action for attorney's fees against the representative of the estate of W. H. Orsborn. The services were rendered, as alleged, by plaintiffs "to the firm of J. & W. H. Orsborn," a planting partnership. J. Orsborn has gone into bankruptcy, and W. H. Orsborn has departed this life.

There is no doubt that the plaintiffs performed the services at the request of J. Orsborn for the firm, and we do not perceive any force in the reasons urged by the defendant, who has appealed, for a reversal of the judgment.

The prescription of three and five years can not apply. The services of the plaintiffs as attorneys ceased in the case in which they were employed in May, 1869, and this suit was instituted in April, 1871.

The court *a qua* gave judgment against defendant as representing the succession of W. H. Orsborn for half the fees. The appellee has prayed for an amendment of the judgment in such way as to compel the defendant to pay the whole claim of plaintiffs, on the ground that by art. 3026 of the Revised C. C. it is provided that "if the attorney has been empowered by several persons for an affair common to them every one of these persons shall be bound *in solido* to him for all the effects of the procuration."

This article is copied *verbatim* from the Code Napoleon, art. 2002, which, in its turn, is a statement of the civil law doctrine, as laid down by Pothier, Du Mandat, No. 82, and fortified by the authority of Paul in L. 59, § 3, *ff, Mandatum.* And under this system it has been decided in France that solidarity would exist in favor of an attorney, a syndic in insolvency, an arbitrator, an expert appointed at the request of parties and in their common interest, and a liquidator of a commercial partnership. See Dalloz, 1830, 2, 105; Troplong, Du Mandat, No. 691. But, as remarked by M. Troplong, No. 693, it is to be observed that in order that solidarity may exist as against the principals, two conditions are required—

*First*—That the mandatary shall have been constituted by several persons, and,

*Second*—That the affair should be common to them, and therefore the article would neither apply where several persons by a single in-

strument should empower an attorney for affairs not common to them, nor where one person should empower for an affair of common interest to several.

If John Orsborn and W. H. Orsborn, several persons, had employed plaintiffs to protect their common rights they would doubtless have been bound *in solido*. But we find no precedent in decisions or commentary for solidarity in such a case as this, where one partner of an ordinary partnership employs on its behalf and for its protection a mandatary. He may bind himself possibly for the full amount of fees. He may bind the partnership for the full amount. But construing the article above cited with articles 2872, 2873, which limit the liability of the ordinary partner to his virile share, we are constrained to think that the obligation of W. H. Orsborn, who did not actually join in the act of empowering the plaintiffs, springing as it does from the fact merely that they were employed by and for an ordinary partnership of which he was a member, must be limited to one half their fees.

Judgment affirmed.