90 So.2d 519 (1956)
Louis LYONS, Plaintiff-Appellee,
v.
Joseph F. HALL, Defendant-Appellant.
No. 8557.
Court of Appeal of Louisiana, Second Circuit.
October 25, 1956.
Rehearing Denied November 29, 1956.
*520 Love & Rigby, Shreveport, for appellant.
Hal V. Lyons, Louis Lyons, Bossier City, for appellee.
AYRES, Judge.
This is an action by plaintiff, an attorney at law, to recover on a basis of quantum meruit the sum of $250 as a fee in representing defendant, his former client, and additionally for $10 costs advanced by plaintiff for defendant. The defendant denied owing plaintiff and, as a further defense, plead the prescription of three years liberandi causa under LSA-C.C. art. 3538.
There was judgment below overruling the plea of prescription and awarding plaintiff judgment against the defendant for $250. From the judgment thus rendered and signed, defendant appealed suspensively and devolutively. Plaintiff answered the appeal and prayed that the judgment be amended by the allowance of 10 percent as penalty for frivolous appeal.
Three issues are presented for determination, (1), the matter of plaintiff's attorney's fee; (2), the plea of prescription, and, (3), penalty as for frivolous appeal. These issues will be considered in the numerical order given.
The relationship of attorney and client is one, of necessity, of mutual confidence and trust. It is of the utmost importance to the parties themselves, as well as particularly to the profession as a whole and to the public in general, that nothing shall be done by any member of the legal fraternity which may tend to lessen in any degree the confidence of the public in the fidelity, honesty and integrity of the profession. It has, however, been said:
"* * * that the expression `a laborer is worthy of his hire' has particular application to lawyers whose labors often exhibit no outward or visible sign of their extent and value. When unappreciative clients refuse to recognize their indebtedness to painstaking and able counsel, there is no reason why they should not be sued to compel substantial acknowledgment of their indebtedness to the legal profession. It was not always so, however, for the time was when such suits could not be brought without damage to the reputation of the lawyer litigant.
"In the case of Livingston v. Cornell, 2 Mart.,O.S., 281, decided in 1812, it was said:
"`The remuneration of the advocate could not be fixed by any agreement, nor sued for in any ordinary action. Nulla potest definiri conventione, nulla ordinaria actione peti. Ad. Leg. Si quis advocatorum Cod. de postulando. * * *
"`Many instances are to be found in the old French law books, of advocates *521 bringing suits for their fees, and recovering on them; but this has long ago fallen into disuse. In the contest, in 1775, between Mr. Linquet and the order of advocates, one of the charges against him was, that he had written to the Duke d'Aiguillon to demand his fees, and threatened him with an action for them; and that his demand upon the Duke had been referred to arbitration. 7 Journal Historique du Retablissement de la Magistrature, 290. * * *
"`The fee of a counsellor is a gift of such a nature, that the able client may not neglect to give it without ingratitude. For it is but a gratuity or taking of thankfulness; yet the worthy counsellor may not demand it, without doing wrong to his reputation, according to that moral rule; Multa honeste accipi possunt, quae tamen peti non possunt. Sir Jno. Davis's preface to his reports, 22, 23.'
"We have come a long way since the conception of lawyers' fees as gifts by grateful clients. Perhaps, the struggle for place and power under modern conditions has dulled the finer sensibilities responsive to moral obligations, or it may be that the modern lawyer requires more of that which `makes the mare go' than his predecessor and insists upon more certain revenues, for individuals, like Republics, are frequently ungrateful. However that may be, lawyers may now sue for their fees with impunity." Levin v. Suffrin, La.App., 167 So. 911, 912-913.
Notwithstanding the necessity and legality of pursuing at times such a course, there is a general distaste among the profession in resorting to actions of this kind. Such course of action usually evidences a cessation of the relationship of confidence formerly existing between the attorney and client. Such deterioration of relationship is regretfully reflected by the pleadings in this cause. Plaintiff was charged with dereliction in his duty to promptly and efficiently prepare and file pleadings for and on behalf of the defendant as his client. The record, as will be hereinafter pointed out, fails to substantiate the charges.
Plaintiff's employment by defendant was occasioned by a suit instituted by one A. W. Pilcher against defendant pursuant to the provisions of the "Housing and Rent Act of 1947, as amended", particularly Sec. 205 thereof, 50 U.S.C.A.Appendix, § 1895, wherein, by reason of alleged excess rent charges, Hall had become allegedly indebted unto Pilcher, as Hall's former tenant, for $1,955, for which amount judgment was prayed, plus an attorney's fee of $250. Upon service being made, defendant Hall repaired to plaintiff's office and employed plaintiff as an attorney at law to represent him in the defense of said suit. Delivery of the citation and copy of the petition as had been served were thereupon made by defendant to plaintiff. On the day following, which was October 18, 1950, defendant returned to plaintiff's office to sign an answer prepared by plaintiff to the demands made by Pilcher. For some reason not clearly shown, the answer was not filed until October 24, 1950, and, while defendant contends that he visited plaintiff's office and delivered the papers served upon him to plaintiff on the same day or at least the day following the service upon him, plaintiff learned at the time the answer was tendered for filing that a preliminary default had been prematurely confirmed and judgment rendered against defendant and signed under date of October 13, 1950. Notwithstanding there was sufficient and ample time to file the answer in the absence of the aforesaid premature confirmation of default, plaintiff was charged with neglect in his failure to file defendant's answer timely, even though the record discloses that the default may have been confirmed prior to his employment. The charge, therefore, is not substantiated by the evidence.
Pursuant to his employment, plaintiff immediately prepared and filed a suit on defendant's *522 behalf to have annulled the judgment rendered and signed on the aforesaid confirmation of a default. That action was prosecuted to a successful conclusion.
The initial case was then refixed for trial and a trial was had February 16, 1951, and submitted on briefs to be filed with the court. No further action, in court, was taken until plaintiff filed a motion to dismiss the suit for lack of prosecution during the lapse of more than five years. This motion was sustained March 16, 1956, and the suit was formally dismissed.
The above resume is indicative of the services rendered by plaintiff in defendant's behalf. Upon the trial of the instant suit expert testimony was adduced on plaintiff's behalf evaluating his services at $250. Under the facts and circumstances hereinabove detailed, that such fee is reasonable scarcely admits of controversy. We find no error in the trial court's finding that such a fee was proper and in order.
Next for consideration is defendant's plea of prescription. LSA-C.C. art. 3538 provides, in part:
"The following actions are prescribed by three years:
* * * * * *
"That of * * * attorneys for their fees and emoluments."
Defendant contends that the filing of a motion to dismiss Pilcher's action against the defendant was wholly unnecessary and a non-rendition of services to defendant. Consequently, it is urged that plaintiff's services in that regard should not be considered in determining the issue as to the plea of prescription; otherwise, it is shown that the last services rendered by plaintiff to defendant in such matter in court was February 16, 1951, more than five years previous to filing of the instant case.
Whether the formal dismissal of the suit under plaintiff's motion may or may not have been necessary, the point made is really immaterial to the present case. Plaintiff's services were engaged to defend defendant in an action then pending in court until a final determination thereof. Whether the termination of the aforesaid action was by mere abandonment by inaction or was formally decreed by a judgment of court, as was the situation there, plaintiff's services were engaged until the occurrence of such event, that is, until the final determination of the litigation.
That plaintiff's services extended to the determination of that suit is evidenced by the prompt filing of the motion to dismiss immediately following the lapse of the five years' prescriptive period, as provided for by LSA-C.C. art. 3519. His services never ceased until the accomplishment of the purpose for which he was employed, that is, to defend defendant until the final determination of the action. Whether such action was terminated by the mere lapse of the five year period or by the formal judgment decreeing the same is immaterial here for the reason that the termination of such action and the ceasing of plaintiff's services occurred well within the three year prescriptive period preceding the filing of the instant action.
Prescription in actions of lawyers for their fees does not commence to run until their services cease. Hyams & Jonas v. Rogers, 24 La.Ann. 230. Prescription in an action for an attorney's fee, contingent upon the collection of a judgment obtained by him, begins to run not from the judgment but from the collection of the money under it. Until then the fee was not exigible. Morgan v. Brown, 12 La.Ann. 159. Claims for compensation of attorneys for their fees are barred by the expiration of three years after the services were rendered. Howe's Heirs v. Brent, 6 Mart.,N.S., 248-249. Plaintiff's services were engaged and utilized so long as the action was pending against defendant. The plea of prescription is not supported by the proof and was properly overruled.
We have also considered, and found without merit, plaintiff's prayer that defendant *523 be condemned to pay a penalty for taking and prosecuting a frivolous appeal. We do not conclude from our consideration of the record that the issues presented were so entirely without merit as would justify the infliction of penalties upon the defendant.
For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
Affirmed.