ELLIS, Judge.
The plaintiff brought this suit on an assignment from a law firm which covers a claim for attorney fees.
The defendant filed a plea of prescription which was upheld by the lower court and the suit dismissed.
From this judgment the plaintiff has appealed.
Article 5 of the petition shows a plea of estoppel and res judicata was filed on behalf of the defendant herein in a suit against him in the Parish of Vernon. This said suit was dismissed on February 18, 1954, and a judgment was signed the same day.
The plaintiff takes the position that the judgment signed on the 18th day of February, 1954, did not become final until one year later, or the 18th day of February, 1955, since the plaintiff could have appealed during that period.
The defendant bases his plea of prescription on Article 3538 of the LSA-Civil Code of Louisiana, which provides the fees of attorneys prescribe within three years.
This present suit was filed on February 17, 1958. If prescription began to run on February 18, 1954, then of course the plea is good. If prescription did not begin to run until February 18, 1955, the last day upon which the plaintiff in the suit in the Parish of Vernon could have taken an appeal, then, of course, the suit was filed time *821 ly and the plea of prescription should be overruled.
The petition does not allege that the fee for defending the action in the district court in Vernon Parish was made for defending any appeals which might arise. The judgment when rendered and signed terminated the services of the attorney unless and until an appeal was taken and nowhere in the petition is it alleged that the services of the attorney were to continue until the appeal delays had expired. There is no reason to doubt that the attorney could not have collected his fee any time after the judgment of dismissal was signed.
In Howe’s Heirs v. Brent, 6 Mart., N.S., 248, our Supreme Court said:
“His only complaint in this court, is, that the judgment rejects an item of $500, in his account. This sum was demanded as a compensation for his •services, in procuring the divorce of the deceased. The plaintiffs did not deny •the performance of these services, nor •complain of the charge as an extravagant one, but opposed to it the ■statute of limitation: three years have •elapsed since the divorce was obtained, .at the time the defendant received the first sum of money, to the use of their .ancestor, now claimed.
“Claims for the compensation of attorneys, are barred by the expiration of three years after the services rendered.”
In Lyons v. Hall, La.App., 90 So.2d 519, .at page 522, we find the following:
“Prescription in actions of lawyers -for their fees does not commence to run ■until their services cease. Hyams & Jonas v. Rogers, 24 La.Ann. 230. Prescription in an action for an attorney’s fee, contingent upon the collection of .a judgment obtained by him, begins to run not from the judgment but from the collection of the money under it. Until then the fee was not exigible. .Morgan v. Brown, 12 La.Ann. 159. Claims for compensation of attorneys for their fees are barred by the expiration of three years after the services were rendered. Howe’s Heirs v. Brent, 6 Mart., N.S., 248-249. Plaintiff’s services were engaged and utilized so long as the action was pending against defendant. The plea of prescription is not supported by the proof and was properly overruled.”
Our jurisprudence and the codal article 3538 seem to dictate the prescription in such a case as we have here begins to run after the services are rendered. While it is true the plaintiff in the case brought against the defendant herein in Vernon Parish could have appealed within the year following the signing of the judgment, no further services were made by the attorney for the defendant herein in that suit.
Since this suit was filed more than three years after the services were rendered we believe the district court to have been correct in maintaining the plea of prescription.
The judgment is affirmed.