# DUER & TAYLOR

v.

# BLANCHARD, WALKER, O'QUIN & ROBERTS.

### Civ. A. No. 75–0592.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Feb. 9, 1977.

G. M. Bodenheimer, Jr., Bodenheimer, Jones, Klotz & Simmons, Shreveport, La., for plaintiff.

Jerald L. Perlman, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for defendant.

AMENDED MEMORANDUM RULING

STAGG, District Judge.

In the latter part of 1965, Gloria C. McGehee and Powell Crichton, Jr., retained the law firm of Duer & Taylor to represent them in the Succession of Kate Gredler Crichton in Louisiana. Duer & Taylor associated with them the law firm of Blanchard, Walker, O'Quin & Roberts to perform cer-

tain legal services. The exact terms of the contract of affiliation are in dispute. Plaintiffs claim that the two law firms agreed on a fee-splitting arrangement in accordance with a customary "forwarding fee" practice. Defendants stoutly denied the contention, asserting that such an arrangement would violate the Code of Professional Responsibility.

Mrs. McGehee and Mr. Crichton's heirs, Mr. Crichton having died during the pendency of the succession contest, eventually succeeded in securing their claimed rights to the succession. They obtained a judgment of possession on April 2, 1971. The attorneys' fee, on a contingent basis, consisted of a share of the property; it was paid by an assignment of rights and the judgment of possession recognized the interest, thus satisfying the debt of Mrs. McGehee and Mr. Crichton.

On June 12, 1975, Duer & Taylor commenced an action against Blanchard, Walker, O'Quin & Roberts, seeking its share of the fee. The defendant law firm moved for summary judgment on two grounds: that the agreement had to be in writing and was not, and that the claim had prescribed. The Court need not consider the writing requirement argument, having determined that the prescriptive argument is meritorious.

■ Under Louisiana law,[1] an ordinary action to recover an attorney fee prescribes in three years. La.Civ.Code art. 3538; *E. g., Linton v. Harman,* 5 La.Ann. 603 (1850); *Morse v. Brandt,* 2 Mart. (N.S.) 515 (La. 1824); *Lyons v. Hall,* 90 So.2d 519 (La. App.2d Cir.1956). The period runs from the date the legal services were completed. *Howe's Heirs v. Brent,* 6 Mart. (N.S.) 248 (La.1827); *Mouton, Champagne & Colomb v. Bourgeois,* 208 So.2d 546 (La.App.3d Cir. 1968); *Lyons v. Hall, supra.* Hence prescription runs from the last day on which services were rendered. *Hargrove, Guyton, Van Hook & Ramey v. Blanchard,* 216 So.2d 127 (La.App.2d Cir.1968), *writ refused,* 253

La. 321, 217 So.2d 413 (1969); *Picou v. White,* 146 So.2d 661 (La.App.1st Cir.1962); *Lyons v. Hall, supra.* In the case of a contingent fee, the period runs from the date the judgment is executed, when the money is collected. *Shepherd v. Dickson,* 38 La.Ann. 741 (1886); *Morgan v. Brown,* 12 La.Ann. 159 (1857). This is true because the attorney's services cannot terminate prior to execution. *Id.*

The issue of prescription would be simple were Duer & Taylor seeking to recover a fee from its client, but it is not. It seeks a share of a fee, already paid by the client, pursuant to some form of fee-splitting arrangement. Apparently the question of what prescriptive period applies to disputes between attorneys concerning a shared fee is *res nova* in Louisiana. To resolve the dispute requires the Court to determine the operative principle undergirding Louisiana Civil Code article 3538.

Article 3538 states, in pertinent part:
"The following actions are prescribed by three years:

\* \* \* \* \* \*

"That of parish recorders, sheriffs, clerks and attorneys for their fees and emoluments."

In *Linton v. Harman,* 5 La.Ann. 603 (1850), the Louisiana Supreme Court stated that the three-year period applied no matter against whom suit was instituted. However, the defendant was the client's widow who had accepted the community of gains unconditionally. The suit essentially was an action against a client. Can *Linton* be interpreted to extend the protection of article 3538 to attorneys in the position of Blanchard, Walker, O'Quin & Roberts?

The Louisiana Supreme Court rejected the extension argument in a suit by a doctor to collect his share of patients' fees from his alleged partners. *Marek v. McHardy,* 234 La. 841, 101 So.2d 689 (1958). In *Marek* the Court distinguished *Linton* and other cases because what Dr. Marek

---

1. Both parties have referred exclusively to Louisiana law in briefs. Thus, the Court has applied Louisiana law.

sought was his proper share of the profits of a medical partnership rather than a share of a specific fee. Hence, although article 3538 applies to doctors' fees just as it does to attorneys' fees, the Court held that the ten-year prescriptive period of article 3544 was the proper span to apply to the dispute.

Should *Marek* or *Linton* control an action between attorneys on a fee-splitting arrangement? Article 3538 establishes a duty on the part of practitioners of certain professions to pursue their claims promptly. The quick resolution of the claims permits the practitioners to return to more important tasks, expending the least time possible to collect fees. As attorneys perform services vital to the public interest, they should resolve disputes over fees quickly and return to the public service, irrespective of the occupation of persons from whom they seek the fees. When the defendant is another attorney or law firm, the public interest in resolving fee disputes quickly is even greater than when the dispute is between an attorney and his client, because twice the time lost in collection is at stake. The public interest demands that disputes over fee-splitting arrangements be resolved within three years rather than ten years. La.Civ.Code art. 3538.

Were the present action one to enforce a partnership agreement or to collect a share of profits from a fund of fees, the *Marek* case would impel the conclusion that the ten-year period of article 3544 applied, rather than the three-year period of article 3538. When, as here, the plaintiff seeks a portion of a specific fee for specific services, the principle of article 3538 must control. The action by an attorney to recover his portion of a fee, already paid by the client, from another attorney prescribes in three years.

One attorney owes nothing to an attorney with whom he has agreed to share a fee until he has collected the fee. Prescription runs from that date. In this case the fee, one-third of the interest gained by Mrs. McGehee and Mr. Crichton, was delivered to Blanchard, Walker, O'Quin & Roberts by

assignments of interests in the eventual succession rights. The judgment of possession on April 2, 1971, recognized the interests of the clients and the attorneys. Therefore, the collection date was April 2, 1971, and any action to recover a portion of the fee would prescribe three years from that date. The instant action having been filed on June 12, 1975, Duer & Taylor's claims have prescribed.

To be entitled to summary judgment, a party must show that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. F.R.C.P. 56(c). The dates of the judgment of possession and the commencement of the action are undisputed. That the action is only for fees resulting from the representation of Mrs. McGehee and Mr. Crichton in the succession of Kate Crichton Gredler is admitted in plaintiff's complaint. Clearly, there exists no genuine issue of material fact. As the Court has held that the action prescribed in three years, the defendant is entitled to judgment as a matter of law. The motion by Blanchard, Walker, O'Quin & Roberts for summary judgment is GRANTED.