389 So.2d 729 (1980)
Jerry L. KERR
v.
JEFFERSON TRUCK LINES, and Insurance Comp. of North America.
No. 11169.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1980.
Rehearing Denied November 17, 1980.
*730 Gordon Hackman, Boutte, for plaintiff-appellant.
McGlinchey, Stafford & Mintz, William F. Bologna, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN, and SARTAIN, JJ.
SAMUEL, Judge.
Plaintiff filed this suit, for total and permanent disability benefits under the Louisiana Workmen's Compensation Act, against his employer and its compensation insurer. Defendants answered in the form of a general denial and filed an exception of prescription. Counsel for all litigants voluntarily submitted the exception for adjudication on memoranda filed by them. Following such submission, there was judgment maintaining the exception and dismissing plaintiff's suit. Plaintiff has appealed.
Insofar as it is pertinent to the issue presented on appeal, the record consists only of the pleadings and memoranda in support of, and opposition to, the exception. The petition alleges plaintiff received injuries to his back and head caused by pipe falling off a truck and striking him while he was in the course and scope of his employment with defendant. The accident occurred on June 8, 1972 and plaintiff was paid compensation benefits from June 15, 1972 to July 27, 1972. The petition further alleges that as a result of those injuries plaintiff was hospitalized and in October, 1973 his physicians discovered he suffered disc injuries requiring surgery. The suit was filed April 19, 1974.
In this court appellant contends the matter has not prescribed because the October, 1973 hospitalization was a latent manifestation of the June, 1972 accident. Alternatively, appellant contends he should have been given an opportunity to amend his petition as provided by Code of Civil Procedure Article 934.
The applicable law, Revised Statute 23:1209,[1] provided as follows:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have begun within two years from the date of the accident." (Emphasis ours).
Relative to appellant's first contention, our jurisprudence is that where the employee knows of the injury at the time of its occurrence and is aware that he has a valid compensation claim, a later medical diagnosis of disability, standing alone, does not cause the statutory one year prescription to begin to run at the time of such a diagnosis.[2]
Here, appellant was aware of his injury at the time of its occurrence and in fact received compensation therefor. Because he claims his 1973 condition as diagnosed was a late development or manifestation of his 1972 injury, he had the right and *731 obligation to offer evidence to prove that claim on the hearing of the exception of prescription[3] and no such evidence was offered; as stated above, the exception was submitted on memoranda. Thus, the record is devoid of any evidence which would support a finding of delayed development or manifestation. The trial court judgment carries with it a presumption of correctness, our attention has not been called to any error therein, and we find none. Appellant's first contention therefore is without merit.
Nor, for two reasons, do we find merit in appellant's second contention. First, Code of Civil Procedure, Article 934 does state in pertinent part: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." However, appellant has not pointed out to us with any degree of sufficient certainty how the objection of prescription may be removed by amendment of the petition. Second, and more important, as we have said above, appellant has had a full opportunity, as well as an obligation, to introduce evidence on the trial of the peremptory exception to controvert that exception. In our view, C.C.P. Art. 931 gives a plaintiff one opportunity, not two, to correct his petition when he is able to do so. Here, the appellant has had more than the equivalent of such an opportunity.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., dissents with written reasons.
REDMANN, Judge, dissents, deeming this case controlled by Bolden v. Georgia Cas. & Sur. Co., La. 1978, 363 So.2d 419.
NOTES
[1] We note the 1975 amendment to R.S. 23:1209, which became effective September 1, 1975, is inapplicable in this case and, even if applicable, appears to make no change except in the case of partial disability which is not present here.
[2] Hobley v. Phoenix of Hartford Insurance Company, La.App., 233 So.2d 589; Guillory v. Maryland Casualty Company, La.App., 227 So.2d 620.
[3] LSA-C.C.P. Art. 931; Chin See Fun v. Louisville & N. R. Co., La.App., 344 So.2d 8; Calzavara v. Biehl and Company, La.App., 220 So.2d 552.