482 So.2d 148 (1986)
Lionel CRAIG, Sr.
v.
HOUSING AUTHORITY OF NEW ORLEANS.
No. CA 3607.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
Concurring Opinion January 27, 1986.
Michael I. Rodriguez, Birdsall, Rodriguez, Robelot & Nelson, New Orleans, for appellant.
Richard M. Simses, Denis Paul Juge, Sutherland & Juge, New Orleans, for appellee.
Before GARRISON, CIACCIO and LOBRANO, JJ.
CIACCIO, Judge.
Plaintiff, Lionel Craig, appeals from a judgment of the district court maintaining an exception of prescription and dismissing this suit. On appeal plaintiff contends that the grounds for the objection of prescription can be removed by amendment of his petition. Plaintiff argues, therefore, that the judgment is in error for not affording him an opportunity to amend. We agree that the judgment should have provided time for plaintiff to amend his petition.
The record before us consists only of the pleadings, some supporting memorandums, and the judgment. The trial court judgment carries a presumption of correctness. Kerr v. Jefferson Truck Lines, 389 So.2d 729 (La.App. 4th Cir.1980), writ denied, 396 So.2d 1351 (La.1981). Plaintiff does not argue based on the record that maintaining the exception was improper. If he had, there is no evidence in the record to rebut the presumption of correctness. We presume, therefore, that insofar as the judgment maintains the exception of prescription it is correct.
As noted above, however, plaintiff does argue that the judgment should have afforded him an opportunity to amend his petition. La.C.C.P. Art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Plaintiff has presented to this court the ways he proposes to amend his petition to remove the grounds for objection. We find that this case is thus distinguished from Kerr v. Jefferson Truck Lines, supra, where the court noted that "appellant has not pointed out to us with any degree of sufficient certainty how the objection of prescription may be removed by amendment of the petition." We maintain this distinction as significant although the "more important" reason found in Kerr also exists here:
appellant has had a full opportunity, as well as an obligation, to introduce evidence on the trial of the peremptory exception *149 to controvert that exception. In our view, C.C.P. Art. 931 gives a plaintiff one opportunity, not two, to correct his petition when he is able to do so. Here, the appellant has had more than the equivalent of such an opportunity.
389 So.2d at 731.
Whether plaintiff's proposed amendments, if made, will defeat an exception of prescription is not before us, and we do not rule on this issue. We do hold, however, that pursuant to La.C.C.P. Art. 934 "the judgment sustaining the exception [should] order such amendment within the delay allowed by the court." Accordingly, this matter is remanded to the district court, and the district court is ordered to amend the judgment to provide for a time delay during which plaintiff is ordered to amend his petition to remove the grounds of the objection of prescription. "If the grounds of the objection cannot be removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." La. C.C.P. Art. 934.
REMANDED WITH AN ORDER TO AMEND.
GARRISON, J., concurs with written reasons to follow.
GARRISON, Judge, concurring.
I concur.
This is an appeal from a judgment of the district court, granting defendant Housing Authority of New Orleans' (HANO) exception of prescription and dismissing plaintiff Lionel Craig's action for workmen's compensation. From that judgment, plaintiff has appealed.
No written reasons for judgment were provided and there is no transcript of the rule hearing in the record.
The facts as argued by defendant are as follows:
Plaintiff Craig was injured on January 2, 1980. Suit was filed on January 23, 1981. Service of process was made on HANO on March 2, 1984.[1] An answer and an Exception of Prescription under R.S. 23:1209 were filed. Judgment dismissing the case on the grounds of prescription was rendered on February 11, 1985.
The facts as argued by the plaintiff are as follows:
Plaintiff was injured on January 2, 1980. In February of 1980, plaintiff underwent surgery. In June of 1980 he returned to his former job as a tile setter where he worked for approximately one month until he re-injured or aggravated the area or developed a disability from the prior injury or injured a new area. He underwent second and third surgeries in July and December of 1980. On January 6, 1981 he consulted an attorney. Suit was filed on January 23, 1981. Plaintiff was receiving benefits from his employer at the time suit was filed.
R.S. 23:1209 provides as follows:
"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be barred unless the proceedings have been begun within two years from the date of the accident."
Thus it is apparent that under the defendant's set of facts, the case is prescribed *150 and under plaintiff's set of facts, the case has not prescribed.
Code of Civil Procedure Article 934 provides:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." (Emphasis added).
Plaintiff argues that he should have been given the opportunity to amend his petition under C.C.P. Art. 934.
The use of the word "shall" is the mandatory form. The use of the word "may" is the permissive form. C.C.P. Art. 934 therefore mandates amendment. Plaintiff is hereby allowed to amend his petition. Because, however, it will take both factual and medical experts to determine the nature of the June, 1980 injury, it will require trial on the merits as opposed to a mere rule to determine if the case is prescribed. Accordingly, the trial court was premature in its determination of this issue.
NOTES
[1] Both briefs state that service was made on February 29, 1984. February 29, 1984 is the date on which citation was issued by the Clerk's Office; service was not made until March 2, 1984.