WICKER, Judge.
This appeal arises from the granting of the exception of prescription in favor of defendants/appellees, Baldwin & Haspel and Jeannie Morris Randazzo. Plaintiff/appellant, Riverwood Limited Partnership represented by James B. Goldsmith, appeals. We affirm.
Riverwood filed suit against Jeannie Morris Randazzo (Randazzo), Baldwin & Haspel (Baldwin) and Pelican Homestead & Savings Association (Pelican) in Orleans Parish. It alleges Randazzo was employed by Baldwin and that Baldwin was in turn employed by Pelican. It further alleges:
V.
Prior to October 19, 1987, plaintiff, Riverwood Limited Partnership, agreed to sell the condominium units to Mr. and Mrs. Frank Paul Royerre, Albert Roy-erre and Frank Steven Royerre (hereinafter referred to as “Royerres”).
VI.
The transaction was to be a sale with assumption of mortgage whereby the Royerres were to assume the outstanding principal balance owed on the mortgage or mortgages held by Pelican.
VII.
As a condition of the transaction, Pelican required that plaintiff, James B. Goldsmith (hereinafter referred to as “Goldsmith”) execute a “Continuing Guaranty” in the amount of the principal balance assumed by the Royerres.
VIII.
Plaintiff, Riverwood Limited Partnership, was to receive credit for its equity in the condominium units in the sum of FORTY-EIGHT THOUSAND TWO HUNDRED SIXTY-SIX AND 66/100 ($48,266.66) DOLLARS. The credit was to be applied to indebtedness owed by plaintiff to the Frank P. Royerre Company as a total offset.
IX.
The transaction was scheduled to be passed in Baldwin’s office on October 19, 1987, at 2:00 p.m.
X.
At the act of sale, Goldsmith was given three Continuing Guaranties, each in the stated sum of FIVE MILLION AND NO/100 ($5,000,000.00) DOLLARS. Goldsmith was informed that he was required to execute the Guaranty pursuant to paragraph number seventeen of the Pelican mortgage.
XI.
Goldsmith required that he be allowed to contact his attorney for review of the mortgage and the Continuing Guaranty.
*1291 XII.
At this point, Randazzo refused to allow Goldsmith to telecopy the mortgage and Guaranty to Goldsmith’s attorney for review. Randazzo also informed Goldsmith and the other parties that the closing was off. The transaction therefore did not take place.
XIII.
As a result of Randazzo’s actions, plaintiff, Riverwood Limited Partnership, lost its opportunity to sell the condominium units and thus lost the FORTY-EIGHT THOUSAND TWO HUNDRED SIXTY-SIX AND 66/100 ($48,266.66) DOLLARS it was to receive.
XIV.
Plaintiff, Riverwood Limited Partnership, has additionally suffered monthly operating losses for each unit in the sum of THREE THOUSAND SEVEN HUNDRED FIFTY AND NO/100 ($3,750.00) DOLLARS.
XV.
Plaintiff avers that the current marke[t] value of each unit is approximately TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS. Plaintiff further avers that the mortgage balance on the units is approximately TWO HUNDRED THIRTY-TWO THOUSAND AND NO/100 ($232,000.00) DOLLARS. Thus, Randazzo’s actions has caused plaintiff additional damage in an amount equal to the difference between the mortgage balance and the market value of all units or approximately ONE HUNDRED THIRTY-TWO THOUSAND AND NO/100 ($132,000.00) DOLLARS.
WHEREFORE, plaintiffs pray that each defendant be served with a copy of this petition and be cited to appear and answer same, and after due proceedings had there be judgment in favor of plaintiff and against defendants, in solido, in the sum of TWO HUNDRED TWENTY-FIVE THOUSAND TWO HUNDRED TWENTY-SIX AND 66/100 ($225,-266.66) DOLLARS and for all just and equitable relief.
After suit was filed on October 17, 1988 in Orleans Parish, Pelican filed an exception to venue. Before any ruling was made, Riverwood moved for a transfer of the matter to the 24th Judicial District Court for the Parish of Jefferson. Transfer was granted December 22, 1988. On January 17, 1989 the petition was filed in Jefferson Parish.
Pelican, Randazzo and Baldwin filed an exception of prescription asserting that while the original filing in Orleans Parish was within the one-year prescriptive period it did not interrupt prescription as venue was improper. Further, the filing in Jefferson Parish was untimely since Pelican was not served until after the one-year prescriptive period had elapsed. The trial judge considered the record, briefs and arguments of counsel and deferred ruling on the exception filed by Pelican. He maintained the exception in favor of Randazzo and Baldwin, dismissing in part River-wood’s suit. Riverwood appeals and specifies the following error:
The trial court erred in granting the exception of prescription in favor of Baldwin and Randazzo.
Riverwood specifically argues, “a ten year prescriptive period should apply as there was an oral contract between plaintiff and defendants.”
Riverwood further asserts that if the Court finds the petition does not clearly allege an oral contract existed it be allowed to amend the petition. It further argues that if the Court finds a one-year prescriptive period applies that it consider that plaintiff continued to believe the sale would go through and because of defendants’ bad faith in encouraging that belief it did not file timely. Consequently, it argues the matter should not be considered prescribed.
*1292 The record on appeal consists of the pleadings and memoranda relative to the plea of prescription. No transcript of the hearing is included. However, the minute entry reflects no witnesses were called to testify as to Riverwoods' defense that the one-year prescriptive period should not toll as it was lulled by defendants into believing the sale would go through. We agree with our brothers in the Fourth Circuit that:
The trial court judgment carries a presumption of correctness. Kerr v. Jefferson Truck Lines, 389 So.2d 729 (La.App. 4th Cir.1980), writ denied, 396 So.2d 1351 (La.1981).
Craig v. Housing Authority of New Orleans, 482 So.2d 148, 148 (La.App. 4th Cir.1986).
There is no evidence to rebut the presumption of correctness insofar as the judgment maintains the one-year prescriptive period. We therefore presume that judgment is correct.
However, appellant also argues it should have been allowed to amend its petition in order to urge the existence of an oral contract. It argues an amendment would allow a ten-year rather than a one-year prescriptive period.
Appellant’s brief was unclear as to the facts it would allege in its amendment to state a cause of action in contract against appellees. Therefore, during oral argument counsel for appellant was specifically questioned in this regard. At one point he stated, “If” he could allege facts then he should be allowed to do so. We find he has not provided us with any possibility that he could remove the objection of prescription by amendment. Accord: Kerr v. Jefferson Truck Lines, 389 So.2d 729 (La.App. 4th Cir.1980), writ denied 396 So.2d 1351 (1981). In Kerr, supra, the Fourth Circuit did not allow an amendment when the plaintiff failed to provide the court with a possibility of how he could allege facts which would remove the objection. Additionally, appellant had the opportunity at the hearing on the prescription issue to raise the possibility of a contract claim which had not prescribed.
In Whitnell v. Menville, 540 So.2d 304, 309 (La.1989) the Supreme Court approved the holding in Kerr, supra, when it stated “[wjhile it is not necessary to allow plaintiff leave to amend if he cannot even point out possible grounds sufficient to overcome the exception ... a court may allow time to amend if the new allegations raise the possibility that the claim is not prescribed.”
Accordingly, we find no error in the trial judge’s sustaining the exception of prescription without granting leave to amend. The judgment is affirmed at appellant’s cost.
AFFIRMED.