672 So.2d 998 (1996)
BROD BAGERT, A PROFESSIONAL LAW CORPORATION
v.
Robert D'HEMECOURT.
No. 95-CA-1036.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 1996.
Bruce G. Reed, Floyd J. Reed, New Orleans, for Plaintiff-Appellant.
David J. Motter, Jack M. Capella, Metairie, Evan F. Trestman, New Orleans, for Defendant-Appellee.
Before BOWES, DUFRESNE, and WICKER, JJ.
DUFRESNE, Judge.
Plaintiff, Brod Bagert, A.P.L.C. (Bagert), has appealed the decision of the trial court granting the defendant, Robert D'Hemecourt's (D'Hemecourt) peremptory exception of prescription and dismissal of his cause of action.
Bagert filed a petition on an open account for professional legal services rendered on the behalf of D'Hemecourt, he responded by filing the following exceptions: insufficiency of citation; insufficiency of service of process; lack of jurisdiction of the defendant; lack of jurisdiction of the subject matter, vagueness, prescription, no cause of action and no right of action. The trial court maintained D'Hemecourt's peremptory exception of prescription and dismissed all other exceptions.
Bagert argues the trial court committed manifest error in maintaining D'Hemecourt's exception of prescription and not affording him the opportunity to amend his original petition in an attempt to cure the exception as provided by Louisiana Code of Civil Procedure Article 934.
LSA-C.C. Art. 934 provides in pertinent part:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the Court. If the grounds of the objection can not be so removed, or if the plaintiff fails to comply with the order to amend, the action shall be dismissed."
With regard to it's first argument that the trial court improperly set the prescription date, Bagert argues that his legal action and/or his right to institute litigation could not have been brought against D'Hemecourt for recovery of his fees prior to the billing date of April 21, 1992, otherwise it *999 would have been premature for lack of amicable demand and it was only on or after April 21, 1992, that a right to institute litigation accrued to Bagert.
Technically, Bagert argues that he should be given opportunity to amend his original petition with additional allegations in an attempt to remove the grounds for prescription.
D'Hemecourt argues that LSA-C.C. Art. 3494 provides in pertinent part:
"The following actions are subject to a liberative prescription of three years: (1) An action for the recovery of compensation for services rendered, including ... professional fees...."
D'Hemecourt continues his defense by referring to LSA-C.C.Art. 3495 which provides in pertinent part:
"This prescription [professional fees] commences to run from the date payment is exigible."
A logical interpretation of La.Civ.Code arts. 3494 and 3495, and related jurisprudence, including the jurisprudence interpreting La. Civ.Code art. 3538 (now reenacted in 1983 as article 3494) leads us to conclude that prescription begins to run on the date that the last legal service was rendered.
In a letter dated April 19, 1995, Bagert refers to the statement of professional services which was sent to D'Hemecourt upon the conclusion of his representation dated April 21, 1992, which clearly reflects the last date in which legal services were performed was April 1, 1992. The petition on open account was filed April 19, 1995, more than three years from the last date of the legal service. The collection for attorney's fees from last date that services were rendered has a long history. Howe's Heirs v. Brent, (1827), 6 Mart., N.S., 248, Lyons v. Hall, 90 So.2d 519 (La.App. 2nd Cir.1956).
It is clear from the record that Bagert did not perform any legal services for D'Hemecourt after April 1, 1992, therefore we must conclude by a clear reading of our civil code and related jurisprudence that Bagert should have filed his petition for the collection of fees for professional services on or before April 1, 1995.
We do not find the trial court erred when it denied Bagert's request to cure the original petition by filing a supplemental pleading. Pursuant to Louisiana Code of Civil Procedure Article 927, and the jurisprudence interpreting it, prescription can be pled in any stage of the proceeding and can not be cured by supplemental pleadings. Riddle v. Simmons, 626 So.2d 811 (La.App. 2nd Cir.1993), Loupe v. Circle, Inc., 545 So.2d 694 (La.App. 5th Cir.1989) and Riverwood Ltd. Partnership v. Randazzo, 552 So.2d 1289 (La.App. 5th Cir.1989).
It is clear from our interpretation of the Louisiana Civil Code Articles 3494 and 3495, that Bagert's cause of action for the recovery of professional fees began to run at the time last services were rendered on April 1, 1992.
In conclusion, after reviewing the record, we find the trial court did correctly apply the principles of law and find no error in its decision. Accordingly, the decision of the trial court is affirmed, dismissing Bagert's cause of action based on prescription.
AFFIRMED.