725 So.2d 553 (1998)
Jaime TUAZON, M.D., Peter Culotta, M.D., Harold Neitzschman, M.D., Sheelagh Malloy, M.D., Michael Lebrun, M.D., Ivan Sherman, M.D. and L. Clay Andrews, M.D.
v.
Maria Morales EISENHARDT.
No. 98-CA-666
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1998.
*554 Catherine Lampard-Naccari, New Orleans, Louisiana, Attorney for Defendant/Appellant.
Paul B. Deal, Lemle & Kelleher, New Orleans, Louisiana, Attorney for Plaintiffs/Exceptors/Appellees Jaime Tuazon, M.D., Peter Culotta, M.D., and Harold Neitzschman, M.D.
Larry D. Weiss, M.D., J.D., New Orleans, Louisiana, and Richard E. Gruner, Jr., Lemle & Kelleher, New Orleans, Louisiana, Attorneys for Exceptors/Appellees L. Clayton Andrews, M.D., and Ivan Sherman, M.D.
Panel composed of Judges CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and SOL GOTHARD.
GOTHARD, Judge.
Maria Morales Eisenhardt, widow of Floyd Eisenhardt, appeals from a decision of the trial court granting an exception of prescription, dismissing her claims with prejudice. For the following reasons, we affirm.
The record reflects that Floyd Eisenhardt died on June 28, 1994. Mrs. Eisenhardt, through counsel, wrote a letter alleging a medical malpractice claim to the Commissioner of Administration, State of Louisiana, alleging that her husband was a patient at Jo Ellen Smith Hospital on June 6-12, 1994, and that his death was a direct result of malpractice committed at that time. This letter was dated June 26, 1995, however there is nothing in the record to show that this letter was received by or filed with the Commissioner. By letter dated June 29, 1995, the Mrs. Eisenhardt's claim was rerouted to the Patient's Oversight Compensation Board. The record reflects that the Board received the letter and filed the claim on June 29, 1995. By opinion dated August 19, 1996, the medical review panel found that there was no evidence to show that the hospital or its employees deviated from the standard of care. Mrs. Eisenhardt did not seek review of that decision in the trial court.
On August 20, 1996, Mrs. Eisenhardt filed a second claim with the Patients' Compensation Fund Oversight Board, which she entitled "Supplement to Request for Review of Claim by Medical Review Panel," seeking to convene a medical review panel to determine whether the conduct of certain medical persons who provided services at Jo Ellen Smith Hospital fell below the applicable standard of care. Named in the request were Drs. Michael Lebrun, Sheelagh Malloy, Ivan Sherman, Jamie Tuazon, Peter Culotta, Harold Neitszchman, and Lucius Andrews. On August 11, 1997, Drs. Tuazon, Culotta and Neitszchman filed a petition for declaratory judgment, requesting that the district court render judgment finding that Mrs. Eisenhardt's claim of medical malpractice had prescribed. Drs. Malloy, Lebrun, Andrews and Sherman joined in the action by filing exceptions of prescription to Mrs. Eisenhardt's request in the record. (Hereinafter, the doctors are collectively referred to as *555 "Exceptors".) After a hearing, the trial court granted judgment in favor of Exceptors, and against claimant Mrs. Eisenhardt, maintaining the exception of prescription and enjoining further prosecution of the medical malpractice claim. In this appeal, Mrs. Eisenhardt alleges that the trial court erred in finding that her cause of action against Exceptors had prescribed.
Generally, the burden of proving a suit has prescribed rests with the party pleading prescription. Caro v. Bradford White Corp., 96-120 (La.App. 5 Cir. 7/30/96), 678 So.2d 615. However, when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff relies on a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Caro v. Bradford White Corp., supra. A plea of prescription may be raised at any time in the proceedings. La. C.C.P. art. 927; Brod Bagert v. D'Hemecourt, 95-1036 (La.App. 5 Cir. 3/26/96), 672 So.2d 998.
Wrongful death and survival actions prescribe one year after death. La. C.C.Code Art. 2315.1-2315.2. A medical malpractice action must be filed within one year from the date of the alleged act, omission, or neglect, or within one year of the date of discovery, but in all instances such claims shall at the latest be filed within a period of three years from the date of the alleged act, omission or neglect. La. R.S. 9:5628.
The filing of a request for a medical review panel suspends the running of prescription until ninety days following notification of the issuance of the opinion by the medical review panel. The filing of the request suspends the running of prescription against all solidary obligors to the same extent that prescription is suspended against the party(ies) that are the subject of the request for review. La. R.S. 40:1299.47(A)(2)(a). Thus, the filing of a claim with the medical review panel suspends prescription with regard to non-named solidary obligors to the same extent that suspension transpires as to those named in the request for review. Bishop v. Simonton, 615 So.2d 8 (La.App. 2 Cir.1993), writ denied 617 So.2d 908 (La.1993). Although suit against one solidary obligor interrupts prescription as to other solidary obligors, prescription cannot be interrupted once it has accrued. Masters v. Fields, 27,924 (La.App. 2 Cir. 1/24/96), 666 So.2d 1333. Therefore, the medical review panel request must be filed prior to the tolling of the prescriptive period in order to suspend the running of prescription.
Here, Mrs. Eisenhardt's request for a medical review panel, alleging malpractice of the Exceptors, was filed on August 20, 1996, more than one year of the alleged acts of malpractice on June 6-12, 1994, and more than one year after plaintiff's death on June 28, 1994. Mrs. Eisenhardt bears the burden of proving that prescription was suspended in this case.
Mrs. Eisenhardt contends that prescription against the Exceptors was suspended by the request for a medical review panel filed against the hospital. The record shows that plaintiff's attorney wrote a letter, addressed to the Commissioner of Administration and dated June 26, 1995, requesting a medical review panel, naming as defendants Jo Ellen Smith Medical Center and "certain medical personnel providing services at Jo Ellen Smith Medical Center." There is no evidence in the record to show whether or when this request was received. A second letter, which was dated June 29, 1995, was received and filed by the Patient's Compensation Fund, on that date, June 29, 1995. Thus, the only evidence in the record shows that the complaint was filed one day after the tolling of the prescriptive period, and was therefore untimely. See, Knippers v. Lambard, 620 So.2d 1368 (La.App. 2 Cir.1993), writ denied 629 So.2d 1169 (La.1993). It is true that the hospital chose to defend the allegations of malpractice on the merits, rather than excepting to the convening of the medical review panel on the ground of prescription. However, the untimely request for a medical review panel did not suspend the running of prescription against the unnamed medical personnel (later named identified as Exceptors) which had tolled prior to the filing of the request.
*556 Mrs. Eisenhardt also argues that prescription was interrupted or suspended by the doctrine of contra non valentum. This doctrine applies in four general situations:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
(4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Rajnowski v. St. Patrick's Hospital, 564 So.2d 671 (La.1990); Tassin v. City of Westwego, 95-770 (La.App. 5 Cir. 1/30/96), 668 So.2d 1247, 1250; writ denied 96-0877 (La.5/10/96), 672 So.2d 931.
Mrs. Eisenhardt alleges that she did not become aware of the possibility that any of the Exceptors might have deviated from the standard of care until the sworn statement of one of the original review panel doctors was taken on September 5, 1996. However, Mrs. Eisenhardt offered no evidence to show that her cause of action was not known or reasonably knowable prior to that date. Accordingly, Mrs. Eisenhardt did not prove the applicability of contra non valentum to this case, and the trial court did not err in determining that her cause of action against Exceptors had prescribed.
For the above discussed reasons, the decision of the trial court is affirmed.
AFFIRMED.